English *vs.* Register and others.

No. 64.—HAYWOOD ENGLISH, plaintiff in error, *vs.* DOE *ex dem.* THOMAS REGISTER and others, defendants.

[1.] A plaintiff in ejectment may amend his declaration, extending the time of his demise, after the case has been submitted to the Jury, according to the discretion of the Court, under the 54th Common Law rule of practice.

[2.] The name of a party may be used as the lessor of a plaintiff in an action of ejectment, even against his consent, when he is indemnified against costs ; provided such use of his name is necessary and important to the assertion and successful prosecution of the rights of another party.

[3.] When the presumption of a grant is raised by *parol* evidence, such presumption may be rebutted by the same species of evidence:

[4.] The Statute of Limitations does not run against the true owner of land, who has a perfect paper title, in favor of a party in the *actual* possesion thereof, who *disclaims* having any claim or title to the land, inasmuch as the law presumes that such possession is held in subordination to the title of the true owner, and is not *adverse* to his title.

Ejectment, in Habersham Superior Court. Tried before Judge DOUGHERTY, April Term, 1849.

An action of ejectment was commenced upon the several demises of Thomas Register and James R. Wyly, against Haywood English, who pleaded the general issue and the Statute of Limitations. Upon the trial on the appeal, after the cause was submitted to the Jury, the counsel for plaintiff moved to amend the declaration by extending the demise to twenty years. The Court allowed the amendment—an order having been taken at the previous term to make this amendment—and defendant excepted.

There was in evidence a grant from the State to Register, dated 1830, a deed from Register to one Pynes, a deed from Pynes to Tatum, and a deed from Tatum to James R. Wyly, dated in 1841. The defendant below, English, was in possession for more than twenty years before the commencement of the suit. It was proven by several witnesses, that English, at various times during his possession, admitted that he had no title, and employed one of the witnesses to purchase the outstanding title of Register. It was also in evidence, that Thomas Register had never been heard of in Habersham County, and the agent, man-

aging the cause for plaintiff, swore that he had never seen or communicated with him.

The Court charged the Jury, that if they found the deeds in evidence were made pending the adverse possession of English, they were void; still a recovery could be had under the demise of Register; to which charge defendant excepted.

The Court farther charged, that twenty years' possession would raise a presumption of a grant to the tenant, but that such presumption might be rebutted by parol evidence, that the tenant disclaimed title to the land, and by the fact that a grant issued from the State within that time to another person. To which charge defendant excepted.

The Court farther charged, that if the defendant was in possession under a claim of right, and not holding under the plaintiff, such possession was adverse; but if he was in possession without any claim of right, and disclaimed any interest or claim to the land, such possession would not protect him under the Statute.

To this charge defendant excepted.

The verdict being for plaintiff, the defendant moved a new trial, on the ground the verdict was contrary to the law and evidence. The Court overruled the motion, and defendant excepted.

On these several exceptions error was assigned.

H. Cobb and Peeples, for plaintiff in error.

J. W. H. Underwood and Overby, for defendant.

*By the Court.*—Warner, J. delivering the opinion.

[1.] The amendment of the plaintiff's declaration extending the demise, was properly allowed by the Court below, under the 54th Common Law rule of practice.

[2.] There was no error in the charge of the Court to the Jury, as to the right of recovery under the demise of Thos. Register. It does not appear from the record, that he *objected* to the use of his name, or that it was used without his *consent.* In *Fain vs. Gathright,* (5 *Ga. Rep.* 6,) we held that the name of a party might be used as the lessor of the plaintiff in an action of ejectment, even against his consent, provided he was indemnified against

costs, when such use of his name was necessary and important to the assertion and successful prosecution of the rights of another party.

[3.] The Court below did not err in charging the Jury, that the *presumption* of a grant, raised by *parol* evidence, might be *rebutted* by the same species of evidence. *Griffith vs. Mathews*, 5 *Term Rep.* 296.

[4.] We are unanimously of the opinion, that there was no error in the charge of the Court, as against the plaintiff in error, upon the facts exhibited by the record in this case, with regard to the Statute of Limitations. English, the tenant in possession, *disclaimed* having any title to the premises, and the presumption of law is, that he held the possession in subordination to the title of the true owner. Although we are unanimous as to the judgment rendered upon the facts of this case, I do not concur entirely with my brethren in their views of the Statute of Limitations; and what I am now about to say, is to be regarded as my *individual* opinion, and not the opinion of the Court.

The true doctrine with regard to the Statute of Limitations, when relied on to defeat a perfect paper title, I understand to be, both upon principle and authority, founded upon *adverse* possession, and that possession never will be considered as *adverse* to the title of the true owner, unless taken and held under *color of title* or *claim of right*. The Statute of Limitations never commences running against the true owner of the land, in favor of the party in possession, until such possession becomes *adverse;* and the evidence of such adverse possession can only be established by such *acts*, as in law, amount to a *disseisin or ouster* of him who has the legal title. The mere *naked* possession, for seven years, without *color of title* or *claim of right* to the land, will not constitute *adverse* possession, so as to bar the right of action of the true owner; for the reason, such mere naked possession is not *hostile* to, nor an *invasion* of the legal seisin and possession of him who has the perfect paper title, and until there is a *hostile* possession, an *invasion* of the rights of the true owner by the party in possession, the Statute does not commence to run.

The law deems every person to be in the *legal seisin* and *possession* of the land to which he has a perfect and complete title; and this seisin and possession is coextensive with his right, and continues until he is ousted thereof, by an actual possession in an-

other, *under a claim of right.   Angell on Limitations,* 400.   *Proprietors of the Kennebeck Purchase vs. Springen,* 4 *Mass. Rep.* 416.   *United States vs. Arodando et al.* 6 *Peters' Rep.* 743.   " The Statute of Limitations, (says Chief Justice *Marshall,* in   *McIver vs. Ragan,* 2 *Wheat. Rep.* 25,) is intended *not for the punishment of those who neglect to assert their rights by suit,* but for the *protection* of those who have remained in possession, *under color of a title believed to be good."*   The mere possession of land, without any *claim of right,* gives   no title, however long it may continue, and the true owner may lawfully enter upon such an occupier, at any distance of time, because he does no wrong to the occupant who claims *no right.*   Per *Jones,* Chancellor, *La Frambois vs. Jackson,* 8 *Cowen's Rep.* 603.   A possession for ever so long a time, stripped of the circumstance that it is unaccompanied with the claim of the entire title, will not amount to an *adverse* possession, barring those who have the real and legitimate title.   Per *Spencer,* Justice, *Smith vs. Burtis,* 9 *John. Rep.* 180.   I have said that when a party is in possession of land, without *color of title* or *claim of right,* the presumption of the law is, that he holds the possession for the true owner, and in subordination to his title. To rebut this presumption of the law, and constitute the possession *adverse* to him who has the legal paper title, some *act* must be done by the party in possession, going to show that his possession is an *invasion* of the rights of him who has the legal title, and *hostile* thereto.   The party claiming the benefit of the Statute, must not only show *possession* of the premises for seven years, but he must farther show, that such possession has been continued for that length of time, under *color of title* or *claim of right, inconsistent* with, and *hostile* to, the title of the true owner.   Until such *inconsistency* and *hostility* is shown to exist, between the *possession* of him who claims the benefit of the Statute, and the *legal title* of the true owner, as will, in law, amount to a *disseisin* or *ouster* of the latter, the Statute of Limitations never commences to run against such true owner, for the simple reason that the *possession* is not *adverse* to the title of the true owner.

I do not hold that possession, under color of *paper* title, is indispensably necessary to protect a party in possession of land under the Statute of Limitations.   A party may acquire a title under the Statute, as against the true owner, by *possession,* accompanied by such *acts of ownership* and dominion over the premises,

as in law would amount to a *disseisin and ouster* of such true owner, to the extent of such possession.

The lowest and most imperfect degree of title, (says *Blackstone,*) consists in the mere *naked possession* or actual occupation of the estate, without any apparent right, or any shadow or pretence of right, to hold and continue such possession.   Such *actual* possession is *prima facie* evidence of a legal title in the possessor; and it may, by *length of time* and *negligence* of him who hath the right, by degrees ripen into a perfect and indefeasible title.   2 *Bl. Com.* 196.   Now, before *negligence* can be imputed to the true owner of the land, in not bringing his action against one who has *invaded* his right of possession, such possession by the invader, must be open, visible and notorious ; for it is quite reasonable to suppose that the true owner will vindicate his rights of possession, when *openly* invaded; but no one can protect them when *secretly* undermined.   When the possession of a tract of land in this State, is *usurped* by one having no *paper* title, and such possessor exercises dominion over it, by visible and notorious acts of *ownership*, cultivates and improves it as owners usually do, such visible and notorious acts of ownership will, in law, amount to a *disseisin and ouster* of the possession of the true owner, and if continued for seven years, will bar the right of action of the true owner.   Such open and notorious acts of ownership will be evidence of a *claim of right*, and show the *intention* with which the party went into the possession of the land.

In *La Frambois vs. Jackson*, (8 *Cowen's Rep.* 603,) it was held, that the *actual* possession and improvement of the premises, as owners are accustomed to possess and improve their estate, without any payment of rent, or recognition of title in another, or *disavowal* of a title in himself, will, in the absence of all other evidence, be sufficient to raise a *presumption* of his entry, and holding as *absolute owner ;* and unless rebutted by other evidence, will establish the fact of a *claim of title.*   See *Ewing vs. Burnet*, (11 *Peters' Rep.* 41,) to the same point.

The legal principles which I wish to assert and maintain, are, First, that he who has a perfect, legal paper title to land, is presumed, in law, to be *seized* and *possessed* thereof.   Second, that such seisin and possession is coextensive with the right specified in such paper title, and continues in such true owner of the land,

until he is *disseised or ousted* from such possession by the *actual* possession in another, under *color* of title, or under a *claim of right.* Third, that the Statute of Limitations does not commence to run against the true owner of land, who is presumed, in law, to be in the possession thereof, until he is *disseised* and *ousted* of such possession, by the *actual* possession of another, who enters upon the land, under color of title, *hostile* in its inception to the title of the true owner; or when one enters upon the land and takes *actual* possession thereof, without paper title, *under a claim of right.* By the Act of 1767, the suit or action for the recovery of the possession of lands, tenements or heraditaments, must be commenced within seven years from the *accrual* of the *cause* of action and at no time thereafter. *Prince*, 573. The true owner of the land has no *cause* of action against the party in possession, until such possession is *adverse* to his title. In order to defeat the recovery of the true owner, the defendant must not only show that he has been in possession of the land seven years, but he must also show that he has held such possession *adversely* to his title for that length of time ; so that the question of *adverse* possession must always necessarily arise, whenever a party claims title under the Statute of Limitations, for the reason that the time at which the adverse possession commenced must form the starting point.

In *Conyers vs. Kenan & Hand*, (4 *Ga. Rep.* 308,) and in *Fain vs. Garthright*, (5 *Ga. Rep.* 6,) and in *Johnson vs. Lancaster*, (*Ib.* 39,) and in *Watkins vs. Woolfolk*, (*Ib.* 261,) the parties claiming the benefit of the Statute of Limitations went into possession under color of *paper* title.

I have thus endeavored to state my views with regard to the Statute of Limitations, inasmuch as my brethren, on the argument of the cause, thought proper to express their separate opinions in concurring in the judgment of affirmance in this case.

Let the judgment of the Court below be affirmed.