## MITCHELL *vs.* COX.

If H. dies in Arkansas and there is a creditor of the deceased in Georgia, and assets belonging to the estate here, and the estate of H. be insolvent, the creditor in this State is entitled to receive his *pro rata* share of the entire fund in both States ; and neither justice nor the courtesy of States requires that the surplus be transmitted by the ancillary administrator here to the principal administrator in Arkansas.

In Equity, from Floyd superior court. Tried before Judge HAMMOND, at February Term, 1859.

This was a bill filed by John Cox against Daniel R. Mitchell, and its allegations, in substance, are :

That one White E. Harden, formerly of Floyd county, Georgia, was indebted to complainant by note and account some two or three hundred dollars, and being so indebted he removed to the State of Arkansas, where he died intes-

Mitchell vs. Cox.

tate, and probably insolvent, some time in the year 1857. That letters of administration on Harden's estate have been taken out in Arkansas, and the administrator has refused to pay complainant's demands.   That Daniel R. Mitchell, of the county of Floyd, has in his hands money or effects belonging to said Harden of the value or amount of over four hundred dollars; that no administration has been taken out in Georgia, and that complainant knows of no other fund or property out of which to obtain satisfaction and payment of his demands, except those in the hands of Mitchell; and that Mitchell has been paying off some of the debts against the estate of said Harden; and that complainant has applied to Mitchell for payment of his claims, which Mitchell refused to pay.

The prayer of the bill is that Mitchell may answer and set forth what funds or effects he has in hand belonging to Harden, the deceased; what debts of said Harden he has paid, and when and to whom; and that he be enjoined from paying over any money or effects in his hands belonging to said deceased, to any person; but that he be decreed to hold the same, subject to the further order of the court.

There was an amendment to the bill praying that summons of garnishment be issued requiring one Alfred Buffington, (the debtor of Harden, and whose note was in Mitchell's hands for collection,) to answer on oath what he was indebted to said deceased, or what effects he had in hand belonging to him.

Defendant demurred to this bill.   He also filed a plea, averring that at the time of Harden's death, he, deceased, was a citizen of Arkansas; that he died in October, 1857; and that administration on his estate has been granted there to one John Hardcastle.   That defendant is a practicing attorney at law, and in the latter part of 1858, said administrator placed in his hands for collection a note on one Alfred Buffington, for four hundred and

3

Mitchell vs. Cox.

seven dollars, payable to the said Harden.  That in pursuance of instructions from said administrator, he had a settlement with Buffington, who had counter demands against deceased; and upon said settlement, made 13th July, 1858, and before said bill was filed, Buffington paid to defendant the balance found due after deducting his claims, and this is the fund, and only fund, in defendant's hands belonging to said deceased, &c.

The case coming on to be heard upon the demurrer and plea, the presiding judge overruled the same, and ordered defendant to answer.  To which decision counsel for defendant excepted.

UNDERWOOD & SMITH, for plaintiff in error.

D. S. PRINTUP, *contra*.

*By the Court.*—LUMPKIN, J., delivering the opinion.

Whether Mitchell holds the note of Buffington, belonging to the estate of White E. Harden, or the proceeds which stand in the place of it, makes no difference· In the settlement of the note he was justifiable in allowing as a set-off, or part payment, the counter claims held by Buffington against Harden.  He could not have compelled payment of Buffington, except for the excess.  But as to the surplus, if there be any, the courtesy between States does not, we apprehend, extend so far as to require this fund to be transmitted to the State of Arkansas, and force the creditor in this State to go there to collect his debt. ·On the contrary, we rather think that the fund should be impounded here, until Cox can receive, at least, his *pro rata* share of the entire assets of the deceased, provided the estate is insolvent.  If the estate be solvent, then, there need be no controversy; but the whole amount of the money here should go to the creditor here.  All that justice demands is, that when an estimate is made of the

whole estate of Harden—if the part coming to the claim of Cox would be less than the fund in Georgia—in that event, for the overplus to be sent by the ancillary administrator here, to the principal administrator in Arkansas. We are not prepared to say that even this is not going too far.

We see no reason for reversing the circuit judge.

Judgment affirmed.