DANIEL NEISLER, plaintiff in error, *vs.* THOMAS MOORE *et al.*, defendants in error.

Testator provided that his lands should not be sold for distribution, except under certain circumstances, for thirteen years from the date of his will. Before the expiration of this period, the executrix sold at private sale. The heirs at law of the testator, as such, brought ejectment against the purchaser.

*Held*, that plaintiffs were not entitled to recover; for if the executrix did not have authority to make the aforesaid sale, the title remained in her for the purpose of executing the will of the testator, and did not pass to the plaintiffs.

Ejectment. Administrators and Executors. Wills. Before Judge KNIGHT. Lumpkin Superior Court. September Term, 1875.

Reported in the decision.

H. P. BELL; W. P. PRICE; J. N. DORSEY, for plaintiff in error.

ESTES & BOYD, for defendants.

WARNER, Chief Justice.

This was an action of ejectment brought by the plaintiffs, as the heirs at law of Benjamin M. Smith, deceased, against the defendant, to recover the possession of certain lands therein described. On the trial of the case, the jury, under the charge of the court, found a verdict in favor of the

plaintiffs.    The defendant made a motion for a new trial on the various grounds therein set forth, which was overruled by the court, and the defendant excepted.

It appears from the evidence in the record that Benjamin M. Smith, who was the owner of the premises in dispute, died in 1858, leaving a will, by one clause of which he directed that no part of his real estate in Georgia should be sold until thirteen years from the date of his will, made in 1858, unless for the want of funds for the education of his children, or other indispensable calls for funds, and if sold before that time, or any part thereof, he desired it to be sold by mutual consent of so many of the executors as may be living.    By another clause of the testator's will, he desired that as fast as his children arrived at the age of twenty-one years, they should have paid to them their portion of the property devised to them by his will; if they should so desire, and under circumstances which, in the opinion of both the executors and executrix, would be expedient, that they and each of them might have their respective portions at an earlier period of time, and to effect this, his intention, he vested in his executors and executrix full power and authority to dispose of his real estate as above expressed in fee simple, or for a term of years, or otherwise, in as full and large a manner as he himself could have done if living.    The testator appointed A. G. Wimpy, George Kellogg, and his wife, Nancy M. Smith, his executors and executrix — only two of whom, to-wit, Mrs. Smith and Wimpy, qualified, and the latter was subsequently released from his executorship by an act of the general assembly. It also appears from the evidence in the record that in August, 1873, Nancy M. Smith, executrix as aforesaid, conveyed the premises in dispute to the defendant, Neisler, for the consideration of $4,000,00.

On the foregoing statement of facts, the main controlling question in the case was, whether the legal title to the premises in dispute was in the plaintiffs, as the heirs at law of the deceased, so as to enable them to recover the possession

of the same in that capacity in an action of ejectment. In our judgment, the legal title to the land sued for was not in the heirs at law of the deceased, inasmuch as he did not die intestate, but, on the contrary, died testate. If the executrix had no legal power or authority under the testator's will to sell the land at private sale, then the legal title thereto is in her for the purpose of executing the testator's will, and not in his heirs at law. If the executrix had the legal power and authority under the testator's will to sell and convey the land at private sale, then the legal title thereto is in the defendant, Neisler, to whom she conveyed it, and not in the plaintiffs as the heirs at law of Benjamin M. Smith; and, consequently, they were not entitled to recover the possession of the land in that capacity in an action of ejectment, and the court below erred in overruling the defendant's motion for a new trial.

Let the judgment of the court below be reversed.