AVERY *et al. vs.* SIMS, for use.

A testator provided as to certain lands, "that his wife Eliza, should remain on said lands during her natural life or widowhood, and receive a support from said lands, out of the proceeds thereof, and for this purpose he put said lands under the charge of his son-in-law, Bowden." He further charged the land with the payment of a certain debt. He also devised that, after the death of his wife, all his estate should be equally divided between his son-in-law, Bowden, and his son, the share of the latter being given to him in trust for life with the remainder to his children. Administration was granted:

*Held,* that the title to the land vested in the legal representative of the testator, to be disposed of in conformity with the will, and not in the heirs at law of the decedent under the statute of distributions.

(*a.*) Whatever interest the plaintiffs had was not by descent, but as purchasers, subject to the payment of testator's debts and the assent of his legal representative.

November 14, 1882.

Wills. Title. Estates. Administrators and Executors. Before Judge ERWIN. Newton Superior Court. September Term, 1881.

Reported in the decision.

CLARK & PACE, for plaintiffs in error.

E. WOMACK, for defendant.

SPEER, Justice.

Thomas B. Sims and others, claiming as heirs at law of William Sims, deceased (being his grandchildren), brought their complaint in ejectment to recover of the defendants below certain tracts or parcels of land lying in the county of Newton.

On the trial below, it appeared that William Sims, the alleged ancestor under whom plaintiffs below claimed, died testate, having executed his last will and testament which

was duly probated and in which he devised as to all these lands in controversy, "that his wife Eliza should remain on said lands during her natural life or widowhood, and receive a support from said lands out of the proceeds thereof, and for this purpose he put said lands under the charge of his son-in-law, Bowden."

He further charged said lands with the payment of a certain debt he owed one Greer. Further he desired, that after the death of his wife, that all of his estate be equally divided between his son-in-law, John W. Bowden and his son, Thomas W. Sims; the portion devised to his son Thomas W. was given in trust to him for life, and after his death to his children. Thomas W. Sims qualified as administrator, "*cum testamento annexo*," under said will and entered upon said trust. Suit was brought by Greer, the creditor, on his debt against "Thomas W. Sims, administrator with the will annexed, of all the goods and chattels, lands and tenements of William Sims, deceased," and there being no plea filed a recovery was had against the defendant "Thomas W. Sims, administrator with the will annexed of William Sims, deceased." A *fi. fa.* issued in conformity with said judgment, and the sheriff levied said *fi. fa.* on the lands, "as the property of Thomas W. Sims, administrator of William Sims, deceased, being the place whereon Thomas W. Sims now resides, except the widow's dower," and the same being exposed to sale was bid off by one Richards, under whom defendants claim.

On the trial of the case the jury under the evidence and charge of the court, returned a verdict for plaintiff for the premises in dispute, but requiring them to repay the amount with interest paid by defendants *feoffor* on said purchase at the time of the sheriff's sale. A motion for new trial was made on the grounds:

(1.) That the verdict was contrary to law, evidence and weight of evidence.

(2.) Because the court erred in charging that the levy

under which the sheriff's sale was had was void, and that no title passed to the purchaser at the sale under it.

(3.) Because the court erred in refusing to charge, as requested by defendant below, that the heirs at-law of a decedent suing in ejectment for recovery of land to which they claim title as his heirs at law, are not entitled to recover so long as there are outstanding debts of the decedent unpaid and there is a legal representative of such decedent.

The motion was overruled, and defendants excepted.

In the view we take of this case, we deem it unnecessary to pass only upon one of the grounds of this motion, and that is, was the verdict contrary to law?

The record shows that these plaintiffs below sued to recover these lands as the heirs at law of William Sims, the decedent, their grandfather, who died testate.

William Sims, it appears, made his last will and testament in which he devised these lands to his widow for life to the extent of charging them with her comfortable support, and after her death to be divided equally between his son-in-law, Bowden, and his son, Thomas W. Sims; the portion of the latter to be held in trust for him during life, with remainder to his children. The will was duly admitted to probate, and Thomas W. Sims qualified as administrator *cum testamento annexo* on said estate. The title to this property under the will vested in his representatives, to be disposed of in conformity with the devises therein contained, and not to the heirs at law under the statute of distributions as claimed by the plaintiffs below, and we cannot see how they could recover as heirs at law of William Sims, deceased, when he had disposed of said property by his last will and testament.

No title vested in them as heirs at law, they took nothing by descent, but if they have any interest in this property they could take alone as purchasers—the children of Thomas W. Sims as devisees and remainder men, and the others as heirs at law of Bowden, the other devisee, if he

died intestate, subject, of course, to the assent of the representative to such devises, and also subject to the debts of the testator, William Sims. The record disclosing then that as heirs at law of William Sims the plaintiffs below had no title to this property, the verdict, in our opinion, was contrary to law.

Judgment reversed.