PHILLIPS *et al. v.* RENTZ BROTHERS & ROBERTS.

Where the plaintiff in a suit to recover for damages to realty relies upon his right as an heir at law, and upon the trial it appears from the evidence of the defendant that the ancestor of the plaintiff died testate, and that the land which is claimed to have been damaged was devised, but the record does not disclose who was the devisee, it is not error to direct a verdict in favor of the defendant.

Argued November 18, — Decided December 17, 1898.

Equitable petition. Before Judge Smith. Montgomery superior court. January 21, 1898. .

*Isaiah Beasley* and *A. C. Pate*, for plaintiffs.

*A. C. Wright, Williams & Williams* and *J. H. Martin*, for defendants.

CoBB, J. This was a suit by W. M. Phillips and others to enjoin Rentz Brothers & Roberts from cutting timber on certain land, and for damages for timber already cut. The suit was brought in January, 1895. It appears from the petition and the abstract of title relied on by the plaintiffs, and which is attached thereto, that the plaintiffs are some of the heirs at law of Micajah Phillips, and that their title is derived in part by descent from their ancestor and in part by conveyances from the other heirs. The defendants filed an answer, denying that the

plaintiffs were the owners of the land, and setting up title in themselves. At the trial the plaintiffs introduced evidence showing a grant from the State to Micajah Phillips, covering the land title to which is in dispute. It was shown by the plaintiffs that Micajah Phillips was dead, and that the plaintiffs were some of the heirs at law of the deceased; and conveyances were introduced in evidence from the other heirs at law, conveying to the plaintiff W. M. Phillips all their interest in the property. There was also evidence as to the amount of damages claimed to have been sustained. Evidence was introduced by the defendants, tending to establish that the property title to which is in controversy in this suit had been sold at sheriff's sale as the property of Micajah Phillips, and that the defendants derived title from the successors in title to the purchaser at this sale. The execution under which the sale was alleged to have been had could not be found, and the sheriff's deed was neither introduced in evidence nor accounted for in any way. The brief of evidence contains the following: "The defendants introduced and put in evidence certified copy of the will of Micajah Phillips deed [?], from the record of the court of ordinary of Montgomery county, under the    and seal of said ordinary, dated March 17, 1867, regularly admitted to probate March 1, 1861. Which will shows that said Wm. Salter was duly nominated and appointed as executor therein, and in which will is embodied the following clause: 'The residue of my property, both real and personal, to be sold, and the proceeds to be equally divided among the above-mentioned persons.' Which clause of said will it is admitted includes the land in dispute. The will is silent as to who shall make the sale." Nothing further in reference to the will of Micajah Phillips appears in the record. The court directed a verdict for the defendants. Plaintiffs made a motion for a new trial, which was overruled, and they excepted.

Construing the petition in the light of the abstract of title attached thereto, and which is to be treated as a part of the petition, the plaintiffs claimed the right to sue upon the ground that they and those from whom they derived title were all the heirs at law of Micajah Phillips and as such were entitled to

the possession of the property, and therefore entitled to bring an action for damages against those who were wrongfully in possession and committing acts which were in their nature calculated to diminish the value of the property. It was admitted that the above-quoted item of the will of Micajah Phillips included the land involved in the present litigation. From that item it appears that the property therein embraced was devised to certain persons whose names had appeared in a previous part of the will. Who these persons were the record does not disclose. The item of the will, together with the admission that it embraced the property in controversy, establishes conclusively that Micajah Phillips did not die intestate as to the property which is the subject of the present litigation, and that therefore no person was entitled to any interest therein as his heir at law. *Avery* v. *Sims*, 69 *Ga.* 314. This being true, the present suit falls, because any right of action that may exist for the wrongs complained of is either in the devisees under the will or some person representing them. In no way are the heirs at law as such interested in the matter. The undisputed evidence showing that there was no right of action in the plaintiffs, a verdict for the defendants was the only proper result that could have been reached in the case, and there was no error in directing the jury so to find.

*Judgment affirmed. All the Justices concurring.*