## ANGLIN *et al. v.* HOOPER *et al.*

1. Plaintiffs, as heirs at law of their ancestor, can not maintain an action for the recovery of land, when the ancestor died testate, and by his will disposed of the land sought to be recovered.
2. Where a testator gave all his real and personal property to his wife for life or widowhood, and directed that at her death the same should be sold, that the expenses of maintaining his wife and the expenses of keeping his farm in repair be deducted from the proceeds of the sale, and that the balance, if any, be equally divided between his children, no title to his lands passed to his children under such devise; and they can not, as legatees under his will, maintain an action for the recovery of such lands.
3. If the sale by the administrator with the will annexed was void for the reason assigned by the plaintiffs, about which we express no opinion, the title still remained in him for the purpose of executing the will.
4. The court did not err in directing a verdict for the defendant.

No. 2953.    JULY 11, 1922.

Complaint for land. Before Judge Blair. Forsyth superior court. November 3, 1921.

The premises in dispute constituted a portion of the landed estate of A. S. Anglin, who died testate. By his will, which consisted of a single item, he gave all his real and personal property to his wife during her life or widowhood, and at her death to be sold; and after paying the expenses of taking care of his wife and of keeping the farm in repair, the balance, if any, was to be equally divided between his children. The testator did not appoint any executor of his will. H. S. Brook was appointed administrator, with the will annexed, of the estate. The testator left his wife and ten children. J. A. Anglin, on November 13, 1912, purchased the one-tenth undivided interest of W. S. Anglin in the land in dispute, for the sum of $50; and on January 26, 1914, he purchased the one-tenth undivided interest of Margaret C. Cook, one of the children, in this land.

This action was brought against M. R. Hooper, by all the living children of said A. S. Anglin, except the two who had sold their interests to J. A. Anglin, and by the heirs at law of Moses Anglin, a deceased son of said A. S. Anglin, and the heirs at law of Martha G. Spearman, a deceased daughter of said A. S. Anglin, to recover a certain tract of land whereon said A. S. Anglin lived at the time of his death, containing sixty acres consisting of the east half of lot No. 425 and lot No. 426 in the second district and first section of Forsyth county, and for mesne profits, and for the value of timber cut and taken away by said Hooper. This action was brought by plaintiffs as heirs at law of A. S. Anglin. By an amendment they alleged that they were his heirs at law and legatees under his will, and entitled to have and receive his entire estate. The plaintiffs proved that said A. S. Anglin died seized and possessed of said tract of land; that W. S. Anglin and Mary C. Cook, two of the children, had conveyed to J. A. Anglin their interests in this land; and that the plaintiffs were all of the children and representatives of children of said Anglin, except the two above mentioned; and they made proof of the mesne profits and the value of the timber cut and taken away by the defendant. The plaintiffs introduced the written consent of the administrator for them to bring this suit. The defendant Hooper claimed under a deed from H. S. Brooks, administrator with the will annexed of A. S. Anglin, to W. S. Anglin, dated January 18, 1919, for a consideration of $545, recorded January 20, 1919, which conveyed the premises in dispute. This deed recites due advertisement and sale of this land on the first Tuesday in December, 1918, before the court-house door in Cumming, Georgia, under order of the court of ordinary of Forsyth county, granted on the first Monday in November, 1918. The defendant introduced the advertisement under which this land was sold. This recited, that, under an order granted by the ordinary of Forsyth county, the administrator would offer for sale to the highest bidder for cash, within the legal hours of sale, on the first Tuesday in December, 1918, before the court-house door in the town of Cumming, Forsyth county, all of land lot No. 426, and the east half of lot 425, in the second district, first section of said county, containing in all sixty acres, more or less, sold as the property of A. S. Anglin, deceased, and to be applied to the payment of the debts and as di-

rected under the will of A. S. Anglin, deceased; and that "this land is held by J. D. Hansard as security for a debt of $250," and that "the money arising from the sale thereof shall be applied to the payment of this debt." The defendant introduced the order of the court of ordinary at the November term, 1918, reciting that it was granted upon the application of H. S. Brooks as administrator with the will annexed of A. S. Anglin, deceased, praying leave to sell the land of said deceased; that notice of said application had been published as required by law; that it was necessary for the purpose of paying the debts of said deceased that said land be sold; that no objection was filed thereto; and that the court granted leave to the administrator to sell, for the purpose aforesaid, the place where the deceased lived up to the time of his death, containing 140 acres, more or less, consisting of the eastern half of lot No. 425, all of lots Nos. 426, 427, and 438 in the second district and first section of Forsyth county, subject to a deed as security for a debt of $250. The defendant introduced in evidence a deed from W. S. Anglin to J. H. Robinson, dated September 22, 1919, recorded on the same day, the consideration being $2150, which conveyed the property in dispute. The defendant likewise introduced a deed from J. H. Robinson to himself, dated September 22, 1919, recorded on the same day, the consideration being $2150, which conveyed the property in dispute. The defendant also introduced a security deed from A. S. Anglin to James D. Hansard, dated November 17, 1910, duly recorded, and made to secure a loan of $250, and embracing lots Nos. 426, 427, and 438 and the east half of lot 425, containing 140 acres, more or less. This deed was duly canceled by the grantee on September 22, 1919. The life-tenant died April 24, 1920.

Plaintiffs in rebuttal introduced the will of A. S. Anglin, containing but a single item, wherein he gave, bequeathed, and devised to his wife, Malita D. Anglin, all the real and personal property belonging to him, during her life or widowhood and at her death (if she should outlive him) to be sold, "and after paying the expenses of keeping and taking care of myself and wife, and the the expenses of keeping the farm in repair, then the balance, if there should be any, to be equally divided between my children."

At the conclusion of the evidence the court directed a verdict for the defendant, on which judgment in his favor was duly en-

tered. The plaintiffs moved for a new trial on the formal grounds, which was overruled, and error was assigned upon this judgment.

*H. L. Patterson,* for plaintiffs.

*Charters, Wheeler & Lilly* and *J. P. Brooke,* for defendants.

HINES, J. (After stating the foregoing facts.) The plaintiffs originally sued as heirs at law of J. A. Anglin, to recover the premises in dispute. As J. A. Anglin died testate, and by his will disposed of the land in controversy, no title vested in the plaintiffs as his heirs at law; and for this reason they could not maintain, in their capacity of heirs at law, this action to recover this property. *Avery* v. *Sims,* 69 *Ga.* 314; *Phillips* v. *Rentz,* 106 *Ga.* 249 (32 S. E. 107).

By an amendment to their petition the plaintiffs alleged that they were heirs at law and legatees under the will of said Anglin; and in these capacities were entitled to receive and recover the land in dispute. We have seen that they could not travel as his heirs at law. As legatees under his will they were in no better shape. By his will the testator gave to his wife, for life or widowhood, all his real and personal property, and directed that at the death of his wife his property should be sold, and that after paying the expenses of taking care of his wife and the expenses of keeping the farm in repair from the proceeds of the sale, then the balance, if there should be any, was to be equally divided between his children. The testator did not devise to the plaintiffs the land in dispute. He directed that after the death of his wife the same should be sold, that from the proceeds of its sale the expenses of maintaining his wife and of keeping the farm in repair should first be paid, and, when this was done, that any balance should be equally divided between his children. Under the will this land was not devised to the plaintiffs. So they wholly failed to show title thereto in themselves as legatees. Failing to show title in themselves either as heirs at law or legatees, the court did not err in directing a verdict for the defendant. If the sale by the administrator with the will annexed was void for the reason assigned by the plaintiffs (about which we express no opinion), the title still remained in him for the purpose of executing the will. *Neisler* v. *Moore,* 58 *Ga.* 334.

*Judgment affirmed. All the Justices concur.*