### WHITE *et al.* *v.* FIRST NATIONAL BANK OF CLAXTON.

282

No. 8470.   FEBRUARY 9, 1932.

284

286

*R. M. Girardeau*, for plaintiffs in error.

*H. H. Durrence* and *P. M. Anderson*, contra.

RUSSELL, C. J. (After stating the foregoing facts.) The action in this case was not alone a suit in ejectment, but the plaintiff, as ancillary thereto, prayed for injunction, the appointment of a receiver, and other equitable relief. The nature of the present petition and its prayers are authorized by the uniform procedure act, as embodied in the Civil Code of 1910, § 5406, which is as follows: "The superior courts of this State, on the trial of any civil case, shall give effect to all the rights of the parties, legal or equitable, or both, and apply on such trial remedies or relief, legal or equitable, or both, in favor of either party, such as the nature of the case may allow or require." In the brief of counsel for the plaintiffs in error it is said: "The third ground of the original motion for a new trial is considered in connection with each of the four grounds of the amendment to the original motion, the verdict being contrary to law because of the errors committed as assigned in the several grounds of the amendment to the original motion." From this it will be seen that it is admitted that the verdict which was directed by the court was demanded by the evidence, unless the court erred in its rulings upon the admissibility of the evidence, and that the jury, as directed by the court, reached the only lawful conclusion at which it could have arrived if the court ruled correctly upon the objections to the evidence presented by the defendants at the trial. For this reason, we at once proceed to determine the assignments of error set forth in the amendment to the motion for a new trial.

The first three special grounds of the motion for new trial are based upon the proposition that the evidence which the defendants sought to exclude from the record was inadmissible under the Code of 1910, §§ 3881, 3882. Section 3881 provides that "All wills executed in another State and witnessed according to the

laws of Georgia, which have been or shall be hereafter probated in another State, shall constitute muniments of title for the transfer and conveyance of real property in this State, when accompanied by an exemplification of the record admitting the will to probate in another State, certified according to the act of Congress, and when said will is recorded in the office of the clerk of the superior court of the county in which the land is situated, in the record where deeds are recorded in this State." Section 3882 provides that "The preceding section shall apply to all cases where real property is held or claimed under foreign wills, and to all suits which shall be brought to recover or protect real property in this State." These sections were taken from an act approved August 17, 1908 (Ga. L. 1908, p. 85). In *Chatlanooga Iron &c. Cor.* v. *Shaw,* 157 *Ga.* 869, 878 (122 S. E. 597), it was said: "The provisions of this section [3881] are plain. Under these provisions devisees to whom lands are devised under foreign wills acquire title to such lands, when assented to by executors of such wills, without their probate in this State; and copies of such wills, when witnessed according to the laws of this State and accompanied by an exemplification of the record probating such wills, certified according to the act of Congress and duly recorded, are muniments of title to the lands so devised." The plaintiffs in error in this case contend, that, because the will in the present case was not probated in this State (and it can not be so probated, because it appears that the will was attested by only two witnesses, which is sufficient in New Jersey), the will was not admissible in evidence. However, as stated by Mr. Justice Hines in the opinion in *Chattanooga Iron &c. Cor.* v. *Shaw,* supra: "So we are of the opinion that purchasers of lands under foreign wills, when sold by executors empowered by such instruments to sell them and when such lands are sold in the proper manner, acquire title thereto, although such wills had not been probated in this State." The opinion in that case was unanimous. And so the fact that the will in the case now before us had not been probated and can not be probated in Georgia was no bar to the admission of the evidence objected to.

Objection was made to the admission in evidence of the certified copy of the will of Joseph E. Warbasse, upon the grounds, first, that said will was not admissible in evidence as a muniment of

title, because not witnessed according to the laws of Georgia, in that there were only two witnesses to said will; and second, because said will was not recorded in the office of the clerk of the superior court of Evans County. Granting that this evidence would be inadmissible as a muniment of title, it is contended by the defendant in error that the court did not err in admitting the evidence, and that this evidence was properly admissible and necessary to establish title of the bank (plaintiff) for the purpose of showing the authority of Mrs. Warbasse to exercise the power of sale which she did exercise in behalf of one of the defendants, Mrs. White. At this sale the bank became the purchaser, and it was upon this deed that the plaintiff relied as one of its muniments of title. Even if under the provisions of Code sections 3881-3882 the plaintiff could not have relied upon a conveyance which had not been recorded, as a muniment of title, there is no reason why the judgment of the proper court in New Jersey was inadmissible to establish the fact that Mrs. Warbasse, as executrix of the will of Joseph E. Warbasse, was the proper person to exercise the power of sale stipulated by Mrs. White, one of the defendants, in her security deed. The muniments of title set forth at the conclusion of the petition in this case and referred to therein are: (1) A quitclaim deed dated December 16, 1919, from Nancy Hendrick to Theodosia White, conveying the premises in dispute. (2) Deed to secure debt from Mrs. Theodosia E. White to Sessions Loan & Trust Co., dated December 4, 1919, conveying the same property. (3) Assignment of the foregoing deed to Joseph E. Warbasse, describing the same property. (4) Deed from Mrs. Theodosia E. White, by and through her attorney in fact, Elizabeth F. Warbasse as sole executrix of the last will and testament of Joseph E. Warbasse, deceased, to the First National Bank of Claxton, conveying the property involved in this suit. If Mrs. Warbasse, as sole executrix of the last will and testament of Joseph E. Warbasse, had executed a deed to this property, then this instrument would constitute one of the muniments of title, and the provisions of §§ 3881 and 3882 would be applicable. But the last deed to which we have referred is evidence of a sale and conveyance, not by Mrs. Warbasse, but by Mrs. Theodosia E. White, acting through an attorney in fact, to the First National Bank of Claxton. Evidence as to how a particular person was empowered

to execute a deed for Mrs. White would seem to be clearly admissible, not to show that Mrs. Warbasse or any other person who might have occupied the same position claimed or had title to the land, but that such person was authorized to act for Mrs. White and convey whatever title Mrs. White had in the premises. Section 5284 of the Code of 1910, which is an act of Congress enacted into the laws of Georgia, reads as follows: "The records and judicial proceedings of the courts of any State or territory . . shall be proved or admitted in any other court within the United States, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, that the said attestation is in due form. And the said records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken." And so we said in *Heatley* v. *Long,* 135 *Ga.* 153 (68 S. E. 783): "The court committed no error in admitting in evidence a certified copy of letters testamentary issued by the court of another State where the testator died and his will was probated, over objection of the opposite party that such certified copy had not been filed with the clerk of the court wherein the suit was pending, in order that the same might become a part of the record in the case. Civil Code § 3318, requiring certified copies of the proceedings therein referred to to be filed with the court before foreign executors shall be entitled 'to use the processes and remedies prescribed by the laws of this State,' does not relate to the admission in evidence of certified copies of letters testamentary of such executors." Section 3318 of the Code of 1895, referred to in *Heatley* v. *Long,* is now § 3894 of the Code of 1910. It provides that "Executors qualified according to the law of their domicile, upon wills properly admitted to probate in another State, upon filing with the court a certified copy of such proceedings, shall be entitled to use all the processes and remedies prescribed by the laws of this State, in the same manner as if qualified under the laws of this State; if not filed before suit brought, the court may allow such certified copy to be filed afterwards on such terms as it may prescribe." Under the provisions of this section, it seems that express provision is made for the introduction of such a certified

copy of the probate of the will of Joseph E. Warbasse. And the Code section says that even if this certified copy be not filed before the suit is brought, the admission of the certified copy, or its filing, is left to the discretion of the court. And so we are of the opinion that the evidence objected to was admissible as proof of the power and authority of the executrix of Joseph E. Warbasse, the decedent, and standing in his shoes and as his successor, to exercise, as attorney for Mrs. Theodosia E. White, the power of sale given by Mrs. White herself in the original deed to Sessions Loan & Trust Co., and thereafter assigned by that corporation to Joseph E. Warbasse.

■ Objection was made to the admission of four copies of the newspaper containing the advertisement of the land in controversy in this case, upon the ground that the original security deed made by Mrs. White to the Sessions Loan & Trust Co., which had been assigned to Joseph E. Warbasse, and which deed was admitted in evidence, did not authorize or empower the executrix of the will of Joseph E. Warbasse, his legal representative, to exercise the power of sale. Objection was also made upon the further ground that it had not been shown by competent evidence that Elizabeth F. Warbasse was the duly constituted executrix of the will of Joseph E. Warbasse, because the will had been attested by only two witnesses, and had not been recorded in any deed record of the office of the clerk of the superior court of Evans County. The language employed in the original security deed made by the defendant, Mrs. Theodosia E. White, to Sessions Loan & Trust Co., is as follows: "That said party of the second part [Sessions Loan & Trust Co.], its agent or legal representatives, successors or assigns, may and by these presents is authorized to sell," etc. It is plainly apparent to us that this conferred a power of sale not only upon the Sessions Loan & Trust Co., but upon its successors or assigns. The power of sale certainly succeeded to Joseph E. Warbasse when the Sessions Loan & Trust Co. assigned all its rights to Warbasse; and this being true, the same assignment conveyed the same rights to the executrix of Joseph E. Warbasse, as his legal representative or as his successor. The assignment of error complaining that it had not been shown by competent evidence that Mrs. Warbasse was the duly constituted executrix of her husband, Joseph E. Warbasse, because the will had been attested by only two witnesses

and had not been recorded, has already been held to be without merit, in what has been said in the first division of this opinion. Evidence, whether direct or circumstantial, that Mrs. Warbasse was empowered to make a sale in behalf of Mrs. White, as Mrs. White's agent or attorney, set forth in the fourth link of the bank's chain of title, was not "a necessary link in the bank's chain of title." The deed purporting to be from Mrs. White, by her attorney, as a substitute or assignee from Joseph E. Warbasse, was a link in the chain of title, and any proper evidence was admissible to show who was the person who exercised the power of sale under which the bank purchased. Otherwise, the successor of the testator, who held under a valid assignment from the Sessions Loan & Trust Co., and in whose will his successor was designated, would have been deprived of the benefit of all the "processes and remedies" referred to in the statute.

■ The third special ground of the motion for a new trial is based upon objections to the admission of the deed from Mrs. Elizabeth F. Warbasse as sole executrix of the last will and testament of Joseph E. Warbasse, as attorney in fact for Mrs. Theodosia E. White, to the First National Bank of Claxton, made in pursuance of the sale of the land in controversy in accordance with the advertisement of the sale. The first of these objections is that under the power originally granted in the deed from Mrs. White to Sessions Loan & Trust Co., the executrix of the will of Joseph E. Warbasse did not have authority to exercise the power of sale, or authority to make a deed in the exercise of such power. The second objection is that it had not been shown by competent evidence that Mrs. Warbasse was the duly constituted executrix of the will of Joseph E. Warbasse, because the will had been attested by only two witnesses, and had not been recorded in the office of the clerk of the superior court of Evans County. In view of what has already been said, neither ground of this assignment of error is meritorious.

■ The fourth special ground of the motion for a new trial is based upon the contention that by reason of a written assignment which was introduced by the defendant, and which had been made by Elizabeth F. Warbasse as sole executrix of the last will and testament of Joseph E. Warbasse to First National Bank of Claxton, dated March 25, 1930, the executrix, if she ever had any

power of sale, had transferred and assigned that power to the plaintiff bank prior to her attempted exercise of the power in April and May, 1930, when she was advertising the land for sale and making a deed in pursuance thereof; that she had divested herself of this power prior to her attempted exercise of it. It appears from a reading of this paper that the alleged transfer was fatally defective in that it did not purport to be signed by Mrs. Warbasse in her representative capacity. It is not signed by her "as executrix," etc., and the use of the mere words "executrix of the last will and testament of Joseph E. Warbasse" is nothing more than descriptio personæ. This instrument, therefore, did not bind the estate of the deceased, nor evidence anything more than an individual transaction between Mrs. Warbasse, whose personal identity was attempted to be fixed by a statement that she claimed to be executrix of a named decedent. But the assignment of March 25, 1930, as clearly appears from a reading of the instrument, does not purport to convey any title to the land, nor contain any reference to title. For this reason, a sale under the power conveyed by the original deed from Mrs. White to Sessions Loan & Trust Co. would have been necessary and essential to perfect title in some purchaser, coupled with possession, if the power granted by the deed was exercised. Otherwise, the assignee of the security deed would be remitted to his remedy of obtaining judgment upon the evidence of debt, the filing of a deed to Mrs. White for the purpose of levy, and a sale of the property as provided by the Code of 1910, § 6037. Under the transfer as made, and in view of the provision that the bank, as assignee, was given power "at its proper cost and charges, to have, use, and take all lawful ways and means for the recovery of all the said money and interest," it does not appear that either at the time of the assignment of the indebtedness or subsequently thereto the bank did not select Mrs. Warbasse as executrix to exercise for it, as its agent, the power of sale. In *Garrett* v. *Crawford,* 128 *Ga.* 519, 521-522 (57 S. E. 793, 119 Am. St. R. 398, 11 Ann. Cas. 167), Mr. Presiding Justice Cobb said: "The power of sale in a mortgage simply gives to the mortgagee a remedy for the collection of his debt in a summary way. The presence of such a power in the mortgage simply evidences an agreement between the parties that the mortgagee shall be relieved from the necessity of resorting to

a foreclosure at law or in equity. That portion·of the mortgage containing the power, like all other contracts, is to be construed so as to effectuate the intention of the parties, and the power must be exercised in accordance with the intention of the parties as indicated in the clause in the mortgage conferring the power. The power is conferred for the purpose of enabling the mortgagee to collect his debt." Furthermore, we are of the opinion that as a matter of law there is no conflict between the paper executed by Mrs. Warbasse, even if she purported to act in her representative capacity as executrix of her husband, and the exercise of the power of sale, which would convey possession as a result of the sale. In *Shumate* v. *McLendon,* 120 *Ga.* 396 (10) (48 S. E. 10), it was held: "The grantee in a security deed holds the legal title for the benefit of the owner of the debt. As long as he owns the debt, he holds for his own benefit; if he transfers the debt, but not the title, he holds for the benefit of the transferee." And so in this case, in abstaining from any transfer of title in the assignment of the deed on March 25, 1930, Mrs. Warbasse, even if acting in her representative capacity, would still hold the title for the benefit of the transferee. See also *Van Pelt* v. *Hurt,* 97 *Ga.* 660 (2) (25 S. E. 489) ; *Sheppard* v. *Reese,* 114 *Ga.* 411 (2) (40 S. E. 282). In *McCook* v. *Kennedy,* 146 *Ga.* 93 (90 S. E. 713), it was held: "Where one executes a deed to secure a debt and in the conveyance creates a power of sale in the grantee, and the latter subsequently transfers the evidence of debt in the form of certain promissory notes and transfers the security deed by endorsing thereon the following words: 'For value received I hereby transfer the within mortgage deed to J. L. Kennedy,' but does not execute any further conveyance of the title to the transferee, the latter is not vested by such a transfer with the legal title to the land and can not exercise the power of sale."

It is ·to be specially noted that the defendants made no offer to pay the indebtedness secured by the security deed, made no tender of payment, and filed no equitable plea in the case. It is well settled that "a deed to secure debt passes the legal title, and will authorize a recovery in ejectment." *Marshall* v. *Carter,* 143 *Ga.* 526 (3) (85 S. E. 691). To the same effect see the ruling in *Dykes* v. *McVay,* 67 *Ga.* 502 (2), and *Glover* v. *Cox,* 130 *Ga.* 476, 478 (61 S. E. 12). In *Oellrich* v. *Georgia Railroad,* 73 *Ga.*

389, it was held: "A deed made to secure a debt passes title, so as to authorize a recovery of the land. The defendants could file an equitable plea, pay the purchase-money, keep the land, and have the title decreed to them; but to do this, they must tender the purchase-money."

■ Under these rulings, and in the state of the pleadings, it would seem that the judgment in directing a verdict in favor of the plaintiff was right. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*