HICKS *v.* HICKS *et al.*

No. 13854. January 13, 1942. Rehearing denied February 12, 1942.

*Blackshear & Blackshear,* for plaintiff.

*C. C. Crockett,* for defendants.

Reid, Chief Justice. The land involved in this case was levied on as the property of T. B. Hicks, deceased, to satisfy an execution issued upon a judgment for year's support in favor of the widow who was Hicks's second wife. The children and representatives of children of the first wife, Mrs. M. J. Hicks, filed claim. The entry of levy did not show who was in possession. On the trial of the case, therefore, the burden was on the plaintiff in fi. fa. Code, § 39-904. There was no effort to show record or paper title in either the defendant in fi. fa. or the claimants. The plaintiff in fi. fa. sought to show that T. B. Hicks had been in possession for about forty years, and that he died in possession. The property had been owned by Mrs. Rowe, the mother of the first Mrs. Hicks, having been deeded to her by James A. Thomas. No conveyance was shown out of Mrs. Rowe, who upon her death left surviving certain heirs including Mrs. M. J. Hicks (the first wife). There was evidence that T. B. Hicks claimed to have purchased the land from Mrs. Rowe, and that he and his wife and children (the present claimants) occupied it until the death of Mrs. M. J. Hicks, and

that after her death the husband and children, or some of them, continued in possession, the husband later marrying again and continuing with his second wife in possession until he died. The evidence shows that during this period the husband treated and claimed the property as his own, offering at times to sell portions of it, giving rights of way over it in his name, and deeds conveying it to secure his debts, etc.

"Possession of land is notice of whatever right or title the occupant has. Possession by the husband with the wife is presumptively his possession, but it may be rebutted." Code, § 85-408; *Broome* v. *Davis,* 87 *Ga.* 584 (2), 587 (13 S. E. 749) ; *Neal* v. *Perkerson,* 61 *Ga.* 345; *King* v. *Mobley,* 150 *Ga.* 256 (5) (103 S. E. 237) ; *Coursey* v. *Coursey,* 141 *Ga.* 65 (5-*a*) (80 S. E. 462) ; *Primrose* v. *Browning,* 59 *Ga.* 69. Thus, under applicable principles of law the plaintiff in fi. fa. made out a prima facie case to subject the property, and the burden shifted to the claimants to make good their claim of title. "The burden of proof, on the trial of claim cases, is on the plaintiff, when the defendant is not in possession of the property. The bare possession of the property by the defendant is evidence of his ownership; and the claimant is bound, when that is shown, without any proof of title in him by the plaintiff, to make good his title." *Ware* v. *Jackson,* 19 *Ga.* 452, 454. Actual occupation or mere naked possession of land is prima facie evidence of legal title in the possessor, and it may by length of time ripen into a perfect and indefeasible title. *English* v. *Register,* 7 *Ga.* 387, 391. Where one dies in possession of land under a claim of ownership, such possession is prima facie evidence of title in the occupant and can be the basis of recovery in ejectment unless a better title by adverse title or otherwise appears. *Bagley* v. *Kennedy,* 85 *Ga.* 703 (11 S. E. 1091). See *Sasser* v. *Byrd,* 8 *Ga. App.* 824 (70 S. E. 157) ; *Coleman & Burden Co.* v. *Rice,* 105 *Ga.* 163 (31 S. E. 424) ; *Anderson* v. *Blythe,* 54 *Ga.* 507; *Russell* v. *Morris,* 134 *Ga.* 65 (67 S. E. 404). So, since under this showing the property would be subject unless the claimants sustain their title by sufficient proof, the inquiry turns to a consideration of the evidence, to see if the verdict in their favor was supported. The proof on both sides was skimpy; apparently there was very little real information available. On careful examination of the record we must hold that the verdict sustaining the claims was

without support. As already seen, no title was shown in the first Mrs. Hicks. She and the husband and the children who are now claimants were in joint possession, which in the absence of proof of ownership in the wife does not help their case. Nor does the testimony in the record from one of the claimants, viz.: "She [Mrs. M. J. Hicks] and Papa looked after the property together. My father never claimed it as his own individual property, and not as his wife's, that I know of. He was in possession of it during his lifetime. After his death it went to the M. J. Hicks estate. . . My father referred to her property as his, but he was handling it for us, and it was understood among us as that. He was allowed to do with it anything that he wanted to." In order for these statements to have any value they should rest on some foundation. There was nothing to show that Mrs. Hicks ever asserted any ownership in herself, or that she had any. Carefully examined, the substance of this testimony was that the witness supposed or took for granted the property was his mother's because it had belonged to her mother. The fact that at the trial the children contended, and one testified, that they merely acquiesced in their father's possession does not help them, unless they could connect in some way with ownership or adverse claim of ownership in their mother.

Then there is another fatal defect in their position. If we were to assume, as they contend, that their mother held title either by inheritance or otherwise, they could not here prevail, because it appears without dispute from their testimony that upon her death their mother left a will disposing of her estate, and there is no proof as to whether, how, or to whom this land was devised. In *Anglin* v. *Hooper, 153 Ga.* 734 (113 S. E. 195), it was held: "Plaintiffs, as heirs at law of their ancestor, can not maintain an action for the recovery of land, when the ancestor died testate, and by his will disposed of the land sought to be recovered." See *Avery* v. *Sims,* 69 *Ga.* 314. In *Phillips* v. *Rentz,* 106 *Ga.* 249 (32 S. E. 107), it was ruled: "Where the plaintiff in a suit to recover for damages to realty relies upon his right as an heir at law, and upon the trial it appears from the evidence of the defendant that the ancestor of the plaintiff died testate, and that the land which is claimed to have been damaged was devised, but the record does not disclose who was the devisee, it is not error to direct a verdict in favor of the defendant." See discussion in *Willingham* v. *Watson,* 165 *Ga.* 870,

872 (142 S. E. 458), all of which accords with the provisions of the Code, § 113-801, as to the status of title to property devised by will.

The plaintiff in fi. fa. having made out a prima facie case, and the claimants failing in their effort to sustain their claim of ownership, the verdict finding for them was without evidence to support it. A new trial should have been granted.

*Judgment reversed. All the Justices concur, except Grice, J., disqualified.*