20115. TRIPP *v.* HUTCHINGS, Administrator, *et al.*

DUCKWORTH, Chief Justice. 1. A will which is executed in another State and witnessed according to the laws of that State, and which is thereafter probated in another State, shall constitute a muniment of title for the transfer and conveyance of real property in this State to the distributees or devisees mentioned in said will when accompanied by an exemplification of the record admitting it to probate, certified according to Code § 38-627 and properly recorded in the office of the clerk of the superior court of the county where the land is situated. Code (Ann.) § 113-709 (Ga. L. 1908, p. 85; 1946, p. 83).

2. Where, as here, a foreign will was properly recorded as a muniment of title under Code (Ann.) § 113-709, supra, and which directed the ancillary executor appointed to act in the State of Georgia to sell the Georgia real estate and to pay over the proceeds to the testator's wife a sum certain and the balance to the trust estate therein created, title thereto vested in the above parties, even though the executor therein named failed to qualify and, in fact, could not qualify since the will could not be probated in this State. See *Chattanooga Iron & Coal Corp.* v. *Shaw,* 157 *Ga.* 869 (2) (122 S. E. 597); *White* v. *First National Bank,* 174 *Ga.* 281, 287 (162 S. E. 701). Hence, the lower court, acting through its equity powers, did not err in ordering the administrator, duly appointed in this State, who had sold the property under an order of court, to pay over the remaining funds in his hands to the executor and trustee in the foreign State for distribution after deducting the expenses of administration in this State. *Latine* v. *Clements,* 3 *Ga.* 426; *Sanford* v. *Thompson,* 18 *Ga.* 554; *Mitchell* v. *Cox,* 28 *Ga.* 32; *Owsley* v. *Bowden,* 161 *Ga.* 884 (132 S. E. 70, 44 A.L.R. 795). And while the law prior to the 1946 amendment, as cited by counsel for the plaintiff in error, might have required a different result, this court is bound by the amendment of Code § 113-709 stated in headnote 1.

*Judgment affirmed. All the Justices concur, except Mobley, J., who dissents.*

ARGUED JUNE 9 AND JUNE 10, 1958—DECIDED JULY 11, 1958—
REHEARING DENIED JULY 22, 1958.

*Mallory C. Atkinson, Sell & Comer*, for plaintiff in error.

*Anderson, Anderson, Walker & Reichert, Jones, Sparks, Benton & Cork, Frank C. Jones*, contra.

MOBLEY, Justice, dissenting. In my opinion Code (Ann.) § 113-709 is inapplicable to the question involved here. That section has reference to the transfer and conveyance of real property located in Georgia to the distributees or devisees mentioned in a will executed and probated in another State. The pertinent provisions of the will here in question provide as follows: "I direct the executor of my estate . . . to sell the real and personal property owned by me and located at Macon, Georgia . . ." and, after paying certain expenses, "I give the net proceeds then remaining from said sale to my beloved wife . . . up to but not to exceed the sum of two thousand dollars," the remainder, if any, to go to a designated trustee. This language does not constitute a devise of real estate but is a bequest of the proceeds of sale of such real estate. In 4 Page on Wills, p. 508, § 1586, it is stated: "Those to whom the proceeds of the sale of land after deducting certain expenses, are given, have no interest in such land but their rights are those of legatees of money." The authority for the above statement is found in the case of *Anglin v. Hooper*, 153 *Ga.* 734 (113 S. E. 195). Therefore, since Code (Ann.) § 113-709 is by its express provisions applicable only to "the transfer and conveyance of real property in this State to the distributees or devisees mentioned in [foreign] wills," and since no transfer and conveyance of real property in this State to any distributee or devisee is attempted to be made by the will in this case, that Code section would not be determinative of the right to the money arising from the sale of the property in Georgia.

In this case the will was admitted to probate in California, the State of residence of the deceased, but it was not subject to being probated in Georgia because it was attested by only two witnesses. Therefore, the deceased died intestate as to his real property located in Georgia. Immediately upon his death, the title to the real estate vested in his heirs according to the laws of

Georgia subject to being divested by a will valid in Georgia or as in this case, in the absence of such a will, subject to being divested by the appointment of an administrator in this State for the purpose of paying debts. When an administrator sells real estate for the purpose of paying debts, any surplus remaining after paying debts should be distributed as real estate. 34 C. J. S. 633, § 658; In re Claus' Estate (Mo. App.) 147 S. W. 2d 199; In re Harris' Estate, 44 Atl. 2d 18; Linker *v.* Linker, 213 N. C. 351 (196 S. E. 329).

The administrator in this State was not appointed under any authority of the will probated in California, but was appointed by the Court of Ordinary of Bibb County as an administrator of an intestate estate. After the property was sold by the administrator and all debts and expenses paid, the balance of the money should be distributed as realty to the heirs of the intestate. This being true, in my opinion, the judge of the superior court erred in directing the administrator to transmit the proceeds to the domiciliary executor in California for the purpose of paying debts and distribution. The record in this case does not disclose that there are any debts to be paid in California. If there were, that might present another question calling for a different conclusion.