## 40714. GRESHAM v. O'REAR.

PANNELL, Judge. 1. In the trial of a claim case where the entry of the officer's levy does not show who was in possession of the property levied on, the burden is on the plaintiff in fi. fa. *Hicks v. Hicks,* 193 Ga. 382 (1) (18 SE2d 763). See also *Code* § 39-904.

2. Evidence of declarations made by the defendant in fi. fa. in her pleadings and testimony in the main case as to her ownership of the property levied upon, it not appearing that at the time she was in possession of the property, have no probative value to prove title in her to the property levied upon. *McSwain v. Estroff,* 34 Ga. App. 183 (1, 2) (129 SE 16).

3. Estoppel does not operate as a conveyance of title, *Coursey v. Coursey,* 141 Ga. 65, 68 (80 SE 462); *Peacock v. Horne,* 159 Ga. 707 (5) (126 SE 813), and an estoppel in pais exists only when third persons have acted on the faith of admissions or acts of the true owner and changed their condition to their detriment, or to the advantage of him who speaks or acts, in consequence thereof. *Jones v. Morgan,* 13 Ga. 515 (2); *Reeves v. Matthews,* 17 Ga. 449. "One invoking the conduct of another as constituting an estoppel in pais must show that

he has acted thereon to his detriment, or has been hurt thereby." *Hancock v. King,* 133 Ga. 734 (2) (66 SE 949). Where the only evidence of estoppel is that the claimant attended the trial of the main case in which claimant's wife (defendant in fi. fa.) sued the plaintiff in fi. fa. seeking to recover for damages to an automobile (the property levied on) driven by her arising out of a collision with an automobile driven by plaintiff in fi. fa. who recovered in the cross action filed by him against the wife, and that the claimant heard the wife and another witness testify that the automobile levied upon belonged to the wife and made no objection thereto, such evidence is not sufficient to show that the plaintiff in fi. fa. did any act to his damage in reliance upon the silence of the claimant at the time of trial.

4. There being no evidence to the contrary, the unimpeached written evidence of title in the claimant to the property levied upon antedating the collision and that he had not sold or given the property to anyone, a verdict against the claimant was unauthorized and the judge erred in overruling claimant's motion for a new trial on the general grounds and the Appellate Division of the Civil Court of Fulton County erred in affirming the trial court.

*Judgment reversed. Felton, C. J., and Frankum, J., concur.*

DECIDED MAY 12, 1964.

*Franklin B. Anderson,* for plaintiff in error.
*Reeves & Collier, Rex T. Reeves,* contra.