MAYER & LOWENSTEIN, plaintiffs in error, *vs.* THE CHAT-TAHOOCHEE NATIONAL BANK, defendant in error.

A return of a sheriff upon a writ of attachment, which states that he served a named person "personally" with a summons of garnishment, may be amended so as to show that he served such person as president of a bank. If the summons of garnishment has been lost, and the sheriff is dead, the plaintiff, on motion to do so, should be permitted to prove by *aliunde* testimony that the summons of garnishment was directed to the person served as president of the bank. If the garnishee denies it, he can tender an issue. which, if found in favor of the plaintiff, will entitle him to an order amending the return, "so as to make the proceedings conform to the facts."

Garnishment. Amendment. Return. Before Judge JOHN-SON. Muscogee Superior Court. May Term, 1872.

Mayer & Lowenstein commenced suit against a firm doing business under the name of McKee Brothers, and sued out process of garnishment for the purpose of having the same served on the Chattahoochee National Bank. When the cause was called Messrs. Moses, Ingram & Crawford, without appearing for the bank, moved that the suit against the garnishee abate on the ground that the bank had not been served, and exhibited to the Court two returns of the sheriff made at different times, each stating that he had "served a summons of garnishment personally upon H. H. Epping." Plaintiffs proposed to prove that the summons of garnishment were directed to H. H. Epping as president of the

bank, and moved, on such proof, to have the returns amended. The Court ruled that the sheriff might amend his returns, if he so desired, but refused to allow the proof. It was admitted that the sheriff who made the returns was dead, and that the summons of garnishment were lost. The Court sustained the motion of Messrs. Moses, Ingram & Crawford, and ordered that the proceedings of garnishment against said bank do abate. To which ruling counsel for plaintiffs excepted and now assign the same as error.

HENRY L. BENNING; GRIGSBY E. THOMAS, for plaintiffs in error. The return was amendable by parol evidence: Code, sections 3447, 3456; 36 Ga. R., 602; 16 *Ib.*, 198; 19 *Ib.*, 283. For every right there shall be a remedy: Code, sections 3185, 3447; 16 Ga. R., 198.

R. J. MOSES; INGRAM & CRAWFORD, for defendant.

MONTGOMERY, Judge.

We think this case controlled by sections 3456 and 3447 of the Code, and, as we understand those sections, they compel us to reverse the judgment of the Court below. Our judgment is fully set forth in the head note.

Judgment reversed.