## EXCHANGE BANK OF MACON *et al. v.* H. B. CLAFLIN COMPANY *et al.*

1. Where sellers of goods filed an equitable petition against the
purchaser and persons to whom he had given mortgages upon
all of such goods not previously sold by him, those mortgages
having been executed to secure the payment of antecedent
debts; and where by such petition a case was made for rescis-
sion on the ground of fraud in the purchase, the petition also
in substance alleging that it was impossible for the plaintiffs
without access to the goods to separate the portions thereof
belonging to each from a general stock in which they had been
intermingled, and that for this reason they were, respectively,
unable to accurately describe or identify such of their goods
as remained unsold, or to state definitely what quantities and
what kinds of the goods still on hand belonged to each, it thus
appearing that equitable aid was indispensable to the plaintiffs'·
obtaining complete relief in the premises; and where such
petition prayed for a return to each plaintiff of his own goods,
it would have been proper for the judge, upon evidence sustain-
ing the allegations of such petition, to appoint a receiver to
take charge of and retain possession of all of such goods which
had not been disposed of, until the question of title could be
passed upon, and the rights of all the parties adjudicated. In
such a case the question of the solvency or insolvency of the
mortgagees is immaterial.
2. Where upon the hearing of such a petition the judge, instead
of formally appointing a receiver, ordered the goods on hand
to be sold by the sheriff in distinct lots as identified by the
plaintiffs respectively, and to hold the proceeds of each lot
separate until otherwise ordered, the purpose being to keep·

the money thus realized in the custody of the court until it could. be properly determined to whom the same should be paid, this was not as against the mortgagees, whether they were insolvent or not, erroneous. As the court might have properly retained in its custody the goods themselves, the retention of their proceeds rests upon the same footing, the plaintiffs not objecting to the order of sale.

3. In such case all the mortgagees were necessary and proper parties defendant to the petition.

Argued February 23,—Decided March 22, 1897.

Injunction. Before Judge Felton. Bibb county. June 18, 1896.

*Bacon, Miller & Brunson* and *Hardeman, Davis & Turner,* for plaintiffs in error. *Steed & Wimberly, Joseph Fried* and *Dasher, Park & Gerdine,* contra.

COBB, Justice.

Mrs. Newman, a merchant, gave mortgages to five of her creditors, each on a stock of goods owned by her. These mortgage creditors foreclosed their mortgages, and were proceeding to sell the stock of goods when H. B. Claflin Company and others filed their equitable petition against her and the mortgage creditors, in which it is alleged that they are creditors, and that she obtained credit from them under such circumstances that, on account of the fraud perpetrated upon them, the title to the goods which they had sold never passed to her, but that the title is still in them. They exhibit an itemized statement, showing goods sold, quantities, and bills of particulars in each case. It is alleged that some of the goods which were so sold have been disposed of by Mrs. Newman, and that none of the creditors can tell exactly what part of their goods are still in her possession, so that they might interpose claims to the levy under the mortgage foreclosure; and that in order to determine how much of their property is still in her hands, it is necessary to have an inspection of the property which has been seized by the sheriff, so that each creditor can set

apart such of his goods as remain unsold, that the same might be kept separate and apart from the other property. The allegations of the petition are such that, if proven, the plaintiffs would have the right to reclaim such of their goods as are still in the hands of the sheriff, it not appearing that the credit given by the mortgagees was upon the faith of the goods sold by the plaintiffs. The mortgagees are solvent. The prayer of the petition is, that petitioners may be allowed access to the goods in the hands of the sheriff, that the goods of each petitioner may be identified and set apart, and that upon a final decree in the case, the title to their goods may be established, and possession delivered to them. They further prayed for injunction against the sale, and for a receiver to perfect the plan of identification and separation. The court refused to appoint a receiver, but enjoined the sale of the stock of goods as a whole, and directed that each petitioner should be allowed to identify the goods in the hands of the sheriff, and set them apart in separate parcels; that they should be so sold, and the purchaser of each parcel be allowed to give bond for the purchase money. To this judgment the mortgagees excepted.

1. A title obtained by fraud is voidable in the vendee and is good only when set up by a bona fide purchaser without notice. Civil Code, §3540. A creditor by mortgage who did not extend credit on faith of the property, title to which was obtained by fraud, is not such a purchaser as will be protected. *Dinkler* v. *Potts*, 90 *Ga.* 103. The plaintiffs by their petition show a state of facts which would authorize the court at the final hearing to decree a rescission of the contract of sale made by the various plaintiffs, on the ground of fraud in the purchase. This rescission would be a fruitless victory if the stock of which the goods of these various plaintiffs are component parts was sold as a whole, or without allowing them to separate their goods from the common stock. It is impossible for them now to file a

claim under the laws of the State, because they cannot describe the property to which they claim title. It would be clearly impossible after the sale, upon a money rule, to file a claim to any part of the fund which was derived from the sale of their property. The strong and controlling equity of the petition is in the fact, that without access to the goods and the privilege of inspecting, identifying, and separating, they would be without a remedy. This being true, whether the mortgagees are solvent or insolvent is immaterial. A solvent defendant is no answer to the equity set up by the plaintiffs, which consists in the fact that they do not know, and have no means of ascertaining, how much to sue the defendant for. Mrs. Newman's insolvency, and the fact that the sheriff has possession of the goods, and the plaintiffs have no access to them, is the ground upon which equity should take jurisdiction of the case; and having done this, complete equity could be done by final decree directing the goods, or the fund arising from the sale of the same, to be delivered to the respective owners.

2. The petitioners had a right, under the allegations they made, to demand a return of their property in kind, and they ask the court in their petition that their property may be identified and kept intact, and that they be allowed to establish their title thereto. It was therefore error as against them to order a sale of the property, even in distinct parcels; but this error cannot be complained of by the mortgagees.

3. The court having taken jurisdiction of the case for the purpose of identification and separation of the goods, and the issue being whether the goods so identified and separated were the goods of the plaintiffs, or were subject to the mortgage liens, all the mortgagees who claimed to have a lien upon the property in controversy were not only proper, but were necessary parties defendant to the petition.

*Judgment affirmed. All the Justices concurring.*