## ATLANTA BREWING & ICE COMPANY *et al. v.* BLUTHENTHAL & BICKART.

1. An equitable petition against "M. Teitlebaum, agent for Mrs. M. Teitlebaum," the latter being the former's wife, is in substance a proceeding against the husband himself; and consequently it was not erroneous to allow an amendment striking therefrom the words "agent for Mrs. M. Teitlebaum," following the defendant's name.

2. Where at the interlocutory hearing of an application for injunction and receiver, embraced in an equitable petition filed under the "insolvent trader's act," it appeared that there were in existence, at the time the petition was filed, valid subsisting mortgages covering all of the property then belonging to the debtor, and that these mortgages were more than sufficient in amount to exhaust his assets, it was error to appoint a receiver to take charge of and administer the same.

3. If at such hearing, the mortgagees being parties to the proceeding, the complaining unsecured creditors made it appear that they were entitled to reclaim certain goods in the possession of the insolvent trader, because of fraud on his part in the purchase thereof, and it also appeared that, under a previous order passed by the judge, they had been allowed and had successfully exercised an opportunity to identify and point out these very goods, so that they could be and in fact were separated from other goods undoubtedly belonging to the debtor and covered by the mortgages above referred to, there should have been no receiver appointed except for the purpose of taking charge of the goods so identified and separated from the debtor's common stock. Especially is this so where it was shown beyond dispute that the mortgagees were entirely solvent.

Argued April 19, — Decided May 5, 1897.

Injunction and receiver. Before Judge Lumpkin. Fulton county. February 1, 1897.

*Goodwin & Westmoreland* and *R. J. Jordan,* for plaintiffs in error.

*Glenn, Slaton & Phillips,* contra.

FISH, J.  1. The petition for injunction and receiver in this case was against "M. Teitlebaum, agent for Mrs. M. Teitlebaum," the latter being the former's wife.  An amendment was allowed, striking from the petition the words, "agent for Mrs. M. Teitlebaum"; to which ruling the defendants excepted. In *McDuffie* v. *Irvine,* 91 *Ga.* 748, it was held : " A declaration in the name of E. D. Irvine, agent for the Georgia Music House, is amendable by striking out the descriptive terms following the plaintiff's name."  We are aware of no good reason why this rule in reference to amendments should not be as applicable to defendants as to plaintiffs.  Therefore, as the words stricken were merely descriptio personæ and the action was really against the husband, there was no error in allowing the amendment which did not seek to make a new party, but simply to strike out surplusage.

2. The petition for injunction and receiver was filed under the "insolvent trader's act"; and it appeared at the interlocutory hearing that at the time that the action was filed the mortgages in favor of the Atlanta Brewing & Ice Co. and L. Cohen & Co., covering all of the property then belonging to M. Teitlebaum, the defendant, were in existence, and that these mortgages were more than sufficient in their aggregate amount to exhaust his assets.  While it was alleged in the petition that these mortgages were fraudulent, the answer denied the charge, and the testimony of every witness giving evidence upon the subject was to the effect that the mortgages were given with the honest purpose of securing the payment of bona fide indebtedness of the defendant to the mortgagees; and there was no evidence of any description to the contrary.  According to the prior rulings of this court, it was error to appoint a receiver, under such circumstances, to take charge of and administer the mortgaged property.  *Sullivan* v. *McDonald,* 86 *Ga.* 78; *Collins* v. *Myers & Marcus,* 68 *Ga.* 533; *Barnwell* v. *Wofford,* 67 *Ga.* 50.

3. It was alleged in the petition that the defendant, M. Tei-

tlebaum, induced petitioners, Bluthenthal & Bickart, to sell him their goods, by falsely representing to them his financial standing; that he mortgaged the goods to the Atlanta Brewing & Ice Co. and L. Cohen & Co., who were parties defendant to the proceedings, to secure the payment of debts existing prior to the execution of the mortgages; that petitioners, on account of such fraud in the purchase, rescinded the sale; and that unless they were permitted to have access to defendant's stock of goods, with which their goods had been intermingled, so as to identify their own, they would be remediless, etc.   Upon presentation of the petition the judge appointed a temporary receiver, and granted an order allowing petitioners, or their agents, to inspect the stock of goods in the hands of the temporary receiver and identify such of the goods claimed by them as they might find therein, and that the same should be held separate and apart by the receiver from the rest of the goods in his possession, and that he should keep a proper list of them.   It appears that, in pursuance of this order, such goods had been identified and set apart from other goods undoubtedly belonging to the defendant, Teitlebaum, and covered by the mortgages referred to above.   If upon the interlocutory hearing it appeared that, by reason of fraud on the part of Teitlebaum in the purchase of the goods, and because they were mortgaged to secure the payment of antecedent debts, petitioners were entitled to reclaim their goods so identified and separated from the common stock, then there was no error in the appointment of a permanent receiver to take charge of such identified goods, whether the mortgagees were solvent or insolvent.    *Dinkler* v. *Potts*, 90 *Ga.* 103; *Exchange Bank* v. *Claflin*, 100 *Ga.* 640.   To appoint a permanent receiver, however, for the balance of Teitlebaum's stock of goods, to which Bluthenthal & Bickart never had any title and upon which they never had any lien, but upon which the Atlanta Brewing & Ice Co. and L. Cohen & Co. had valid existing mortgages to secure bona fide debts in excess of the value of such goods, was error, especially as it was shown beyond dispute that the mortgagees were entirely solvent.

*Judgment reversed.   All the Justices concurring.*