## IRVINE'S GEORGIA MUSIC HOUSE v. WYNN.

Where an action was brought in the county court against a named person as agent of another named person, and service was made upon the former alone, and thereafter a judgment was rendered in favor of the plaintiff, and the person described as agent undertook to enter an appeal by signing the name of his alleged principal to the appeal bond, it being recited therein that he as agent was dissatisfied with the judgment: *Held*, that when the case was called in the superior court there was no error in sustaining a motion to strike the name of the alleged principal from the case on the ground that he was no party to the same; and the plaintiff announcing that "there was no case against" the person designated as agent, there was, as against the plaintiff, no error in dismissing the action.

Submitted March 27, — Decided April 25, 1899.

Appeal. Before Judge Butt. Marion superior court. August 23, 1898.

*Simeon Blue*, by *J. A. Noyes*, for plaintiff.

Cobb, J. A petition addressed to the county court of Marion county alleged that "S. J. Wynn as agent for Mrs. Minnie Wynn " was indebted to the plaintiff on an account which "S. J. Wynn as agent aforesaid refused to pay." Process was prayed against "S. J. Wynn as agent aforesaid." Process was issued requiring the defendant "S. J. Winn as agent for Mrs. Minnie Wynn" to appear and answer the petition. The entry of the sheriff was that he had served "the defendant S. J. Wynn personally." To this petition "S. J. Wynn, agent," filed an answer. The county judge rendered a judgment in favor of the plaintiff. In order to carry the case to the superior court an appeal bond in the usual form was filed, in which it was recited that "the defendant S. J. Wynn, agent for Minnie L. Wynn," was dissatisfied with the judgment rendered. This bond was signed, "Minnie L. Wynn, by S. J. Wynn, agent." When the case came on for trial in the superior court, attorneys representing Mrs. Wynn moved to dismiss the case as to her, on the ground that she was not a party to the same. The court sustained this motion, and her name was stricken from the case. The plaintiff's counsel thereupon announced that "there was no case against S. J. Wynn individually," and an order was entered dismissing the entire case and entering judgment against the plaintiff for costs. To the decision holding that Mrs. Wynn was not a party to the case and striking her name the plaintiff excepted.

The suit was an action against S. J. Wynn as an individual, and the words "as agent for Mrs. Minnie Wynn" were merely descriptive of the person sued and did not fix the character in which the defendant was sought to be bound by the judgment. *McDuffie* v. *Irvine*, 91 *Ga.* 748 ; *Atlanta Brewing Co.* v. *Bluthenthal*, 101 *Ga.* 541. Mrs. Wynn was no party to the case. No process was prayed against her. She did not appear and answer; and the mere fact that her name appeared signed to the appeal bond by the defendant as her agent did not make her in any

sense a party to the case. While it may not have been neces-
sary, it was not at all improper for her to appear and move
that her name be stricken from the record. Although a judg-
ment entered in the case against the defendant as agent for
Mrs. Wynn would not bind her in any way, the fact that it
was so entered might lead to an attempted enforcement of it
against her property, and it was therefore not improper for her
to appear and have her name stricken from the record and thus
avert any possible annoyance from the judgment in the future.
When her name was stricken from the record, upon the an-
nouncement of plaintiff's counsel that he did not claim that
he had any case against Wynn, there was no error in dismiss-
ing the entire proceeding.

*Judgment affirmed. All the Justices concurring.*