WYNN *v.* IRVINE'S GEORGIA MUSIC HOUSE, and *vice versa.*

An execution against S. J. W. as agent for Mrs. M. W. is against S. J. W. alone, the words, "as agent for," etc , being merely descriptio personæ. Where such an execution is levied and a claim is filed by S. J. W. in his own right, the claim should be dismissed, as only a third person not a party to the execution can interpose a claim.

Submitted October 30, — Decided November 29, 1899.

Certiorari. Before Judge Butt. Marion superior court. October term, 1898.

*George P. Munro*, for S. J. Wynn.   *Simeon Blue*, contra.

FISH, J. An execution, issued from the county court, in favor of Irvine's Georgia Music House against "S. J. Wynn as agent for Mrs. Minnie Wynn," was levied upon a certain piano " as the property of defendant." S. J. Wynn interposed a claim to the piano. Upon the trial of the case in the county court, the levy, upon motion of counsel for S. J. Wynn, was dismissed. Plaintiff in fi. fa. took the case by certiorari to the superior court, where, upon the hearing, it was "ordered that the certiorari be sustained and the case remanded to the county court for a new trial." To this judgment S. J. Wynn excepted, and assigned the same as error. There were numerous points made in the certiorari proceedings, and the record is very voluminous. From the view we take of the matter, however, the case may be readily disposed of by applying a few plain principles of law. The execution against "S. J. Wynn as agent for Mrs. Minnie Wynn" was an execution against S. J. Wynn. The words, "as agent for Mrs. Minnie Wynn," were merely words of description. *Irvine's Ga. Music House* v. *Wynn*, 107 *Ga.* 402, and cases cited; *Lester* v. *McIntosh*, 101 *Ga.* 675; *Jones & Co.* v. *Newman*, 110 *Ga.*; Civil Code, § 2998. S. J. Wynn, being the party defendant in the execution, could not claim the property upon which it was levied. Only a third person, not a party to the execution, could interpose a claim. Civil Code, § 4611. Accordingly the county judge erred in dismissing the levy at the instance of S. J. Wynn, the defendant, who was posing as claimant. The judge of the superior court rightly sustained the certiorari, but erred in remanding the case for a new trial, as, under the peculiar circumstances, there could be no question of fact involved which made it necessary to send the case back for a new hearing before the county court, and the case depending upon a question of law which must finally govern it. The claim should have been dismissed by the superior court, for the reasons above stated.

*Judgment affirmed, with direction.   Cross-bill dismissed.   All the Justices concurring.*