### 18990. BECKER *v.* TRUITT.

BELL, J. 1. "A claim is not an available remedy to test the validity of an execution, except where property is claimed by a third person not a party to such execution." *Goolsby* v. *Drainage Commissioners,* 156 *Ga.* 213 (6 *a*) (119 S. E. 644). "Only a third person, not a party to the execution, could interpose a claim." *Wynn* v. *Irvine's Georgia Music House,* 109 *Ga.* 287, 288 (34 S. E. 582); Civil Code (1910), § 5157.

2. Where a judgment is obtained against a person in an assumed or trade name, he is a party to the judgment and is not entitled to file a claim to property levied upon to satisfy the judgment. *Eslinger* v. *Herndon,* 158 *Ga.* 823 (4) (124 S. E. 169, 900).

3. The general rule, that in a claim case the claimant may attack the execution upon any ground which could then be urged by the defendant in fi. fa., and so may resist the levy upon the ground that the judgment on which the fi. fa. was issued was void (*Ansley Co.* v. *O'Byrne,* 120 *Ga.* 618, 48 S. E. 228); *Wheeler* v. *Martin,* 145 *Ga.* 164 (88 S. E. 951), can not apply where the claim was filed not by a third person, but by one who was the real party defendant in the execution, though designated by a trade name. Since in the present case the claimant was in reality the defendant in fi. fa. and was for that reason precluded from making any sort of claim to the property, the purported claim which he filed was a mere nullity and could not be employed as the basis for an attack upon the judgment upon any ground. Compare *Bullock* v. *Butts,* 33 *Ga. App.* 7 (4) (124 S. E. 905).

4. Applying the above rulings, the instant petition for certiorari showed affirmatively that the claim was not maintainable, and was properly dismissed by the municipal court. The appellate division rightly affirmed the judgment, and the superior court erred in sustaining the certiorari.
*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*
DECIDED FEBRUARY 9, 1929.

*Charles G. Bruce,* for plaintiff. *T. C. Battle,* for defendant.