### EXECUTIVE COMMITTEE OF THE BAPTIST CONVENTION *et al. v.* SMITH *et al.*

No. 8797.   July 16, 1932.   Rehearing denied September 22, 1932.

*Jones, Evins, Powers & Jones,* for plaintiffs in error.

*J. Caleb Clarke, Marion Smith, Howell, Heyman & Bolding, Alston, Alston, Foster & Moise,* and *George C. Dean,* contra.

Russell, C. J.   In this case a preliminary statement of facts would be a useless repetition.   All the material facts appear in the very able opinion of the Court of Appeals delivered by Judge Luke. *Executive Committee of the Baptist Convention* v. *Smith,* 44 *Ga. App.* 184 (161 S. E. 143).   After a careful consideration of the entire record, and examination of the judgment of the Court of Appeals, and of the authorities therein cited, we concur in the judgment of the Court of Appeals.   It is perfectly plain that the traverse of the answer of the Citizens and Southern National Bank, which assumed to set up that the fund which stood upon the books of the bank in the name of the Georgia Baptist Hospital, was not in fact the property of that body, but was the property of .the Executive Committee of the Baptist Convention of the State of Georgia, was so clear and explicit as to withstand any of the demurrers by which it was assailed, and fully sustain the judgment of the lower court and of the Court of Appeals upon the exceptions pendente lite to the ruling upon demurrer.   There is no more well settled principle in law than that one who adopts as his own a litigation, when he might, at his option, by properly pleading that he is not a proper party, be discharged from all liability, but who instead adopts the litigation of another, and litigates the case upon its merits, becomes bound by the consequences.   Especially is this true in a case wherein, as set forth specifically in the traverse in this case, a corporation, as is the Executive Committee, assumes to operate under the trade-name of a corporation which it knows to be defunct, and performs every act which characterizes its existence and functions as a hospital and appropriate thereto, under this assumed name.   As said in Boehmke *v.* Northern Ohio Traction Co., 88 Ohio St. 156 (102 N. E. 7Q0), cited by the Court of Appeals, "The notion of separate entity is only a figment of the mind, not appropriate to the case at bar.   .   .   A court of law is a dangerous place for masquerade, for the law looks beneath the apparent

and beholds the real. Counsel naively assert that the N. O. T. Co. had a perfect right to employ counsel to defend for the A. B. C. Co. Yes, but at the risk of being substituted as soon as the plaintiff discovered he had sued the wrong company and that the right one was in court defending. Counsel's mistake was in thinking their client could enjoy the privilege of defending a lawsuit and dodge the responsibility that goes with it. Assenting to the plaintiff's mistake, the defendant accepted the suit and thus cured the irregularity. . . The defendant's innocent mistake of law neatly and effectually corrected the plaintiff's innocent mistake of fact." The traverse of the answer to the garnishment specifically set forth that the Executive Committee did business and conducted the hospital where the plaintiff was registered when she was injured, in the assumed or trade-name of the Georgia Baptist Hospital. And this court has held, as pointed out in the opinion of the Court of Appeals, that "A judgment rendered against a person in his assumed or trade-name is not void." The evidence in this case fully authorized the verdict returned by the jury. The trial judge did not err in overruling the motion for a new trial, and the Court of Appeals did not err in affirming that judgment.

*Judgment affirmed. All the Justices concur.*