SEALY *v.* BEELAND, administrator.

No. 11511.    JANUARY 14, 1937.

*C. W. Foy,* for plaintiff in error. *Homer Beeland,* contra.

RUSSELL, Chief Justice. This was a claim case arising from the levy of an execution on certain described premises, the entry of levy reciting that the property was in the possession of the defendant in execution. The jury returned a verdict finding the property subject. A motion for new trial was overruled, and the claimant excepted. It is agreed that the only question for decision by this court is whether the judge erred in charging the jury that the claimant admitted possession of the premises levied on in the defendant in execution at the time of the levy, and that the claimant thereby assumed the burden of proof. It is contended that this charge was error, in that the claimant assumed the burden of proof, not by admitting possession in the defendant in execution, but because the entry of the sheriff's levy showed the property in the possession of the defendant in execution at the time of the levy, which as a matter of law placed the burden on the claimant.

█ Where a claim is filed on the levy of an execution, the plaintiff in execution has the burden of proof, except where the evidence shows that the defendant in execution was in possession before the judgment or at the time of the levy (*Morgan* v. *Simms,* 26 *Ga.* 283; *Greene* v. *Matthews,* 31 *Ga. App.* 265, 120 S. E. 434), or where the entry of levy recites that the property was levied on in possession of the defendant in execution, which is prima facie evidence of the truth thereof (*Burt* v. *Rubley,* 113 *Ga.* 1144, 39 S. E. 409), or where the claimant admits title or possession in the defendant in execution before the judgment or at the time of the levy (*Coleman & Burden Co.* v. *Rice,* 105 *Ga.* 163, 31 S. E. 424). In either event the onus is cast upon the claimant. Thus the burden is on the claimant whether the entry of levy recites that the property claimed was levied on in the possession of the defendant in execution, or whether the plaintiff offers other evidence to make that proof, or whether the claimant admits such possession. It follows that while the charge complained of was inaccurate as applied to the facts of this case, it was harmless and not prejudicial to the claimant, and does not require the grant of a new trial.

The evidence authorized a finding that the property was subject, and the judge did not err in overruling the motion for new trial.    *Judgment affirmed.    All the Justices concur.*