39119. SMITH v. HARTRAMPF, Transferee.

DECIDED DECEMBER 5, 1961.

*William B. Jones,* for plaintiff in error.

*Eugene S. Taylor, Curtis M. Cook,* contra.

HALL, Judge. *Code* § 39-904 provides: "Upon the trial of all claims . . . [to property levied on under an execution] the

burden of proof shall lie upon the plaintiff in execution in all cases where the property levied on is, at the time of such levy, not in possession of the defendant in execution." The execution, with the entry of the levying officer reciting that he levied on the property in possession of the defendant in fi. fa., makes out a prima facie case in favor of the plaintiff in fi. fa. Evidence of such an entry or other proof that the property was levied on in the possession of the defendant, places the onus on the claimant to prove his claim. *Nolley v. Elliott*, 50 Ga. App. 382 (178 SE 309); *Scruggs v. Blackshear Mfg. Co.*, 45 Ga. App. 855, 857 (166 SE 249); *Sealy v. Beeland*, 183 Ga. 709, 710 (189 SE 524). When the entry of the officer does not show who was in possession of the property levied on, the burden is on the plaintiff in fi. fa. *Hicks v. Hicks*, 193 Ga. 382 (18 SE2d 754); *Whitlock v. Michael*, 206 Ga. 749 (58 SE2d 833).

The entry of the deputy marshal on the fi. fa. in this case states: "Constructive levy. Mr. Frank Smith agrees to hold the above described property pending an order from the Civil Court of Fulton County. Frank Smith. Levied at Smith Hardware Co. Palmetto, Ga." This does not show that the property levied on was in possession of the defendant in fi. fa., Smith Hardware Co. It indicates that it was in the possession of an individual, Frank Smith. The plaintiff therefore did not make out a prima facie case and the burden remained on him to show that the property belonged to the defendant. The plaintiff's evidence did not sustain this burden. It showed, on the contrary, that the property belonged to Frank Smith; and that Frank Smith had no connection with Smith Hardware Co. and had never used "Smith Hardware Co." as a trade name.

"Smith Hardware Co." is presumed to be a corporation until the contrary is shown. *Hunnicutt v. Reed*, 149 Ga. 803 (102 SE 421). Plaintiff's garnishment against "Smith Hardware Co." was served on "Mr. Smith its agent." The suit on its face, naming a company as defendant and showing service on an agent rather than a principal shows that Frank Smith individually was not the defendant sued. Plaintiff's evidence did not rebut the presumption that the person it intended to sue was a corporation.

It is true that prior to judgment a suit misnaming the defend-

ant can be amended to correct the misnomer. *Code* § 81-1206; *Mortemoth Co. v. Southeastern Fur Co.*, 98 Ga. App. 637, 638 (106 SE2d 194). If Frank Smith was the intended garnishee in this case, the summons of garnishment could have been amended prior to judgment to designate the garnishee by his proper name. It is also true that "a judgment rendered against a person in his assumed or trade-name is not void." *Eslinger v. Herndon*, 158 Ga. 823 (124 SE 169, 900); *Executive Committee of the Baptist Convention v. Smith*, 44 Ga. App. 184 (161 SE 143); s.c. 175 Ga. 543 (165 SE 573); *Becker v. Truitt*, 39 Ga. App. 286 (146 SE 654); *Becker v. Truitt*, 170 Ga. 757 (154 SE 262). Had this garnishment and execution been against "Smith Hardware," and Frank Smith had been personally served, we are of the opinion that evidence that the claimant did business as "Smith Hardware" would have made out a prima facie case for the plaintiff; and in the absence of proof by the claimant that he was not the intended defendant the claim would have to fall. "Only a third person, not a party to the execution [may] . . . interpose a claim." *Becker v. Truitt*, 39 Ga. App. 286 (1), supra.

However, there was no amendment, the garnishment was not served on an individual, and the judgment and execution were not in the proven trade name of the claimant. The plaintiff failed to prove that the property levied on was owned by the defendant sued, and a judgment for the claimant was demanded. The trial court erred in overruling the claimant's motion for new trial.

*Judgment reversed. Felton, C.J., and Bell, J., concur.*