39258.   DILLARD v. JACKSON'S ATLANTA
READY MIX CONCRETE COMPANY, INC.

DECIDED MARCH 15, 1962—REHEARING DENIED
MARCH 29, 1962.

608

*G. Seals Aiken, Ben F. Sweet,* for plaintiff in error.
*Scott Walters, Jr., Wavelyn E. Smith,* contra.

EBERHARDT, Judge. 1. It is complained in special ground four of the amended motion for new trial that the court failed to charge, pursuant to a written request: "I charge you that a judgment obtained against a person or corporation in his or its assumed or trade name is not void but is valid and binding upon said person or corporation." It appears that the court did charge that "if a corporation or legal entity actually conducts business under an assumed name or trade name, and if such corporation or legal entity be sued in its assumed name or trade name, the fact that the corporation was sued under its trade name and not by its proper name, does not render the judgment void if the corporation is the identical legal entity against whom the judgment was rendered." The assignment of error complains that the failure to give the request in charge was error because (1) it stated a correct principle of law applicable to the pleadings and the evidence, (2) it was not covered or substantially covered in the general charge, and (3) several of the charges given were in direct conflict with the correct, applicable, and controlling law as contained in said request. As to (1) and (2), a comparison of the request with the charge as given discloses that while the request was a correct statement of a principle, it was indeed covered by the charge, though in slightly different language. The assignment of error is thus insufficient. *Griffith v. Newman,* 217 Ga. 533, 540 (3) (123 SE2d 723).

As to (3), it is not pointed out in this ground of the motion that "several of the charges were in direct conflict," nor how or wherein the conflict lies,—nor do we find such. It is not complete if reference to other grounds of the motion, or to other portions of the record is necessary to an understanding of the assignment, as is the case here. *Loflin v. Home Ins. Co.,* 40 Ga. App. 246 (1) (149 SE 308); *Davies v. Blasingame,* 177 Ga. 450 (6) (170 SE 477). "The assignments of error must be complete in themselves." Leverett, Hall & Christopher, Georgia

Procedure & Practice, 544, § 23-9. There is no merit in this ground.

2. In special ground five complaint is similarly made that the court failed to give in charge a request that: "I charge you that where a judgment is obtained against a person or corporation in his or its assumed or trade name, the said person or corporation is a party to the judgment and is not entitled to file claim for property levied upon to satisfy the judgment." The court did charge: "If you find from the evidence in this case that Jackson's Atlanta Ready Mix Concrete Company, Inc. is in reality the defendant in fi. fa., Jackson Ready Mix Concrete Company, Inc., doing business at 1000 Seaboard Avenue, then I charge you that Jackson's Atlanta Ready Mix Concrete Company, Inc. would be precluded from making any sort of claim to the property levied upon, and the purported claim which it filed would be a mere nullity." The assignments of error are identical with those in special ground four, and for the same reasons are without merit.

3. The charge, complained of in special ground six, that the burden of proof was upon plaintiff in fi. fa. and that if she failed to carry it, a verdict should be returned for the claimant, was proper. It does not appear that the property levied upon was in the possession of the defendant in fi. fa. at the time of the levy. Consequently, under *Code* § 39-904, the burden of proof was on plaintiff in fi. fa. *Hicks v. Hicks,* 193 Ga. 382 (18 SE2d 763); *Whitlock v. Michael,* 206 Ga. 749 (58 SE2d 833).

4. In special ground seven error is assigned upon the reading by the court, in connection with the charge to the jury of what was designated by the court as a "further claim" by Jackson's Atlanta Ready Mix Concrete Company, Inc., and what is designated by plaintiff in error as an affidavit of illegality. Although the defendant in fi. fa. may not file a claim (*Goolsby v. Bd. of Drainage Commissioners,* 156 Ga. 213 (6a), 119 SE 644), since "only a third person, not a party to the execution, could interpose a claim" (*Wynn v. Irvine's Ga. Music House,* 109 Ga. 287, 288, 34 SE 582), it appears here that Jackson's Atlanta Ready Mix Concrete Company, Inc. was not a party to the execution unless the jury should find that Jackson Ready Mix

Concrete Company, Inc. was an assumed or trade name of Jackson's Atlanta Ready Mix Concrete Company, Inc.

In *Pearson v. Stamey*, 45 Ga. App. 87 (163 SE 264), it was held that where the *defendant in fi. fa.* files an affidavit of illegality, and a *third party* interposes a claim, the illegality and the claim make two separate cases. Such is not the case here.

The claim and the affidavit, or "further claim," here, both filed by Jackson's Atlanta Ready Mix Concrete Company, Inc., and the fi. fa. with the fact of levy thereunder, were treated by the parties and by the court as pleadings which made the issue to be tried.[1] There is no merit in the contention that it was error for the court to read the "further claim" or affidavit in connection with its charge as setting forth contentions of the claimant.

5. Special ground eight complains of a charge that where a defendant in a suit is served with a process in which an entirely different person or party is named as defendant, the process is void as to the person so served and a judgment based thereon is likewise void. The charge was a correct statement of the law and was not, for any reason assigned, erroneous. *McGowans v. Speed Oil Co.*, 94 Ga. App. 35 (93 SE2d 597); *Nashville &c. Ry. Co. v. Edwards*, 91 Ga. 24 (16 SE 347); *Seisel & Co. v. Wells*, 99 Ga. 159 (1) (25 SE 266); *Smith v. Hartrampf*, 105 Ga. App. 40 (123 SE2d 417).

6. A charge to the effect that a judgment rendered against a

---

[1] As will appear from the amended motion for new trial, the following colloquy took place between court and counsel at the beginning of the trial:

"The Court: That makes the whole issue really just one question, whether or not Jackson Ready is actually the same as Jackson's Atlanta?

"Mr. Aiken: That is it, that is the question. But it seems to me the burden of proof—

"Mr. Walters: The question is, when Mr. Aiken sued in that name, was that sufficient to get a judgment to the finding on Jackson's Atlanta.

"Mr. Aiken: Yes, I think that is correct. . ."

Thus, there was agreement that the issue to be tried was the same as that raised in the "further claim."

defendant with a name similar to a particular corporation would not be binding upon that corporation unless the corporation was doing business under the name against which the judgment was rendered or if the corporation was not in fact the legal entity being sued, was not error, since it was adjusted to the pleadings and to the evidence. There is no merit in special grounds nine and ten of the motion.

7. There was no error in the charge that, if the jury should find that plaintiff in fi. fa. did not have a judgment that was binding against Jackson's Atlanta Ready Mix Concrete Company, Inc. their verdict should be for the claimant. Under the pleadings and the evidence such was a proper charge.

8. It is not error for the court to state the contentions of the respective parties in giving its charge to the jury. When the contentions are fairly stated it should be helpful to the jury in resolving the issues. Special ground twelve of the amended motion shows no error.

9. Special grounds 13 and 14 complain of the exclusion of listings in a city directory, and of notations relative thereto made by the enumerator for the directory company when he collected the information for listings. Claimant denied that the particular listings were made by its authorization, and the enumerator who collected the information testified that he could not say from whom he obtained the information, and that such information is often gotten from interviews with maids, yardmen, people next door and the like. The listings were hearsay, and the exclusion was proper.

10. There was circumstantial evidence from which the jury might have found that Jackson' Ready Mix Concrete Co., Inc. was an assumed or trade name of Jackson's Atlanta Ready Mix Concrete Co., Inc.; but there was direct testimony from A. P. Jackson, President of Jackson's Atlanta Ready Mix Concrete Co., Inc., and from H. N. Jackson, Jr., its general manager, that it did not use such an assumed or trade name and had authorized no one to do so in its behalf, and had not authorized telephone or city directory listings under such a name. Records in the office of the Clerk of Fulton Superior Court disclose that Jackson's Atlanta Ready Mix Concrete Co., Inc. was regularly

chartered, but had no registered trade name as is provided in *Code Title* 106. Thus, there was evidence which would authorize a contrary conclusion.

Plaintiff introduced in evidence certain pleadings in which she contends there were admissions in judicio by Jackson's Atlanta Ready Mix Concrete Co., that it did have the assumed or trade name of Jackson Ready Mix Concrete Co., Inc. One was a traverse of the service of process in the proceeding wherein the judgment was obtained and the fi. fa. issued. This traverse was captioned "Mrs. Agnes June Dillard v. Jackson Ready Mix Concrete Co., Inc." and it begins with the statement, "Now comes Jackson's Atlanta Ready Mix Concrete Co., Inc., herein referred to as Jackson Ready Mix Concrete Co., Inc." and further recites that this special appearance is made for the sole purpose of traversing the entry of service. It was dismissed June 20, 1960. Another was a traverse similarly captioned "Mrs. Agnes June Dillard v. Jackson Ready Mix Concrete Co., Inc.," and begins with the statement "Now comes Jackson's Ready Mix Concrete Co., Inc., apparently one of the defendants" and makes this special appearance for the sole purpose of traversing the entry of service. There is no mention of or reference to Jackson's Atlanta Ready Mix Concrete Co., Inc. in it. It was dismissed December 15, 1959. The third was a pleading bearing the same caption and beginning with the recital "Comes now Jackson's Atlanta Ready Mix Concrete Co., Inc., herein referred to as Jackson Ready Mix Concrete Co., Inc." and alleges that "This defendant shows that there is a Jackson Ready Mix Concrete Co., Inc. in Fulton County, Georgia, but this defendant is not such company and such company does not have an office or place of business at 1000 Seaboard Avenue, Atlanta, Georgia."

We see no admission in these pleadings by Jackson's Atlanta Ready Mix Concrete Co., Inc. that it had or used the assumed or trade name of Jackson Ready Mix Concrete Co., Inc. The recitals in the opening of the pleadings simply identify the cause in which they are filed "Herein referred to as Jackson Ready Mix Concrete Co., Inc." says no more than that the plaintiff in her petition makes such reference. And, as will be observed, the fact or existence of the trade or assumed name or that Jackson's

Atlanta and Jackson Ready Mix are the same is expressly denied.

If either of the traverses be construed as containing such an admission, it could be controverted since both of them were dismissed. *Florida Yellow Pine Co. v. Flint River &c. Co.,* 140 Ga. 321 (2) (78 SE 900). Certainly there is no such admission in the other pleading, where the matter is expressly denied.

Boiled down, there was here nothing more than a factual question to be resolved by the jury as to whether Jackson's Atlanta Ready Mix Concrete Co., Inc. did or did not have an assumed or trade name, and whether it was one and the same as the defendant in fi. fa. The evidence on that issue was in conflict, and the jury resolved it in favor of the claimant and against the plaintiff. We can do no better than to reiterate what Judge Russell, later Chief Judge of this court and afterward Chief Justice of the Supreme Court, said in *Davis v. Kirkland,* 1 Ga. App. 5, 7 (58 SE 209): "Since the birth of Magna Charta,—one of law's leading citizens,—whenever internal dissension or revolution arises in the territory of evidence, to determine which contending faction shall be entitled to the jewel truth, she calls in, as sole arbiter to settle the dispute, jury, who under law's irrevocable appointment shall settle, in every nook and corner of law's protectorate,—the domain of facts,—all issues, great and small. The wisdom of all men most enlightened, the experience of those most familiar with the practice, the innate sense of justice, all concur in the opinion that disputes between such varying and variable characters as visit and inhabit the domain of facts can not be satisfactorily adjusted and finally determined by any umpire more absolutely reliable and just than the jury." Such has been the view of this court from the beginning of its existence, and such cases as *Central R. Co. v. Ferguson,* 63 Ga. 83, 85, where Judge Bleckley declared: "The evidence is not conclusive. It pushes the mind into the great pit-fall called doubt, and there leaves it. The jury are the best doctors of doubt that we know of, . . ." and *Richmond & Danville R. Co. v. Allison,* 89 Ga. 567, 571 (16 SE 116) in which Judge Gober asserted that "The prevailing party who gets a verdict has a property right in it; the court

that sets it aside without some sufficient reason forgets the Constitution which declares that the right of trial by jury shall remain inviolate . . . ," indicate a similar view held by the Supreme Court from its beginning.

"The jury system may indeed have its faults. The complexities of human nature and behavior are such that, in regard to many conflicts that arise, no means have yet been devised of being certain of absolute truth or absolute justice. The best that can be done is to strive toward those ideals and to minimize the percentage of error. But the basic ideas of the system and its evolvement into our present method have been functioning quite well for some hundreds of years. So far as we are aware, it is the best system yet devised. Even if that were not so, whatever its advantages or its frailties, we are wedded to it and our loyalties are committed. One of its most fundamental tenets is that the determination of the facts is left exclusively to the jury. It is not our prerogative to let our suspicions or predilections obscure our duty to abide by that rule." Lemmon v. Denver & Rio Grande &c. R. Co., 9 Utah 2d 195 (341 P2d 215).

There is no merit in the general ground of the motion for new trial. That motion, and the motion for judgment non obstante veredicto were properly denied. Even if it be said that the preponderance of the evidence was against the verdict, that would afford no cause for reversal of a judgment denying those motions. *Page v. Page*, 217 Ga. 606, 608 (1) (123 SE2d 922). To use the baseball vernacular, plaintiff simply struck out before the jury—no hits, no runs, and no errors.

*Judgment affirmed.* *Carlisle, P. J., and Russell, J., concur.*