39599. SMITH v. HARTRAMPF, Transferee.

Decided September 6, 1962—Rehearing denied September 24, 1962.

*William B. Jones,* for plaintiff in error.

*Curtis M. Cook, Eugene S. Taylor,* contra.

EBERHARDT, Judge. The original summons of garnishment in this case was directed to Smith Hardware Company and the return showed service on "Smith Hardware Co. by serving the same on Mr. Smith its agent." After a recovery by plaintiff Hartrampf, claimant Frank Smith was granted a new trial in this court because the plaintiff had failed to carry the burden of showing that the property levied on was owned by the defendant garnishee Smith Hardware Co. *Smith v. Hartrampf,* 105 Ga. App. 40 (123 SE2d 417). Subsequently, the return of the original summons of garnishment was amended to show service on "Smith Hardware Co. by serving the same on Mr. Smith owner personally."[1] The trial proceeded before the court without a jury and resulted in a recovery by plaintiff. The claimant Smith complains of the overruling of his motion for new trial on both general and special grounds.

The controlling issue in the case is whether or not the process was amendable. According to *Code* § 81-1313, a void process may not be amended. But "every court has power . . . to amend and control its processes and orders, so as to make them conformable to law and justice; and to amend its own records, so as to make them conform to the truth." *Code* § 24-104(6). The question resolves itself to whether or not a return of process may be amended to show service on the same person *in some other capacity.*

Generally, our courts have been quite liberal on the subject of defects in process and the return of process for "It is the fact of service, and not the return made by the officer, which gives the court jurisdiction of a party." *Southern Exp. Co. v. Na-*

---

[1]The failure of the plaintiff to amend is one of the reasons a new trial was granted, the court saying: "However, there was no amendment, the garnishment was not served on an individual, and the judgment and execution were not in the proven trade name of the claimant." *Smith v. Hartrampf,* 105 Ga. App. 40, supra, at 43.

*tional Bank of Tifton,* 4 Ga. App. 399, 401 (61 SE 857); *Clements v. Sims T-V, Inc.,* 105 Ga. App. 769, 773 (125 SE2d 705); Klosenski v. Flaherty (Fla.) 116 S2d 767, 82 ALR2d 664. It has been said that the power to amend process is as broad as that allowed for other pleadings. *McGhee v. Mayor &c. of Gainesville,* 78 Ga. 790, 792 (3 SE 670); *Everett v. McCary,* 93 Ga. App. 474 (92 SE2d 112).

The purpose of process it to give the defendant notice of the suit and to give the court jurisdiction. Leverett, Hall & Christopher, Ga. Procedure & Practice, § 3-6 (1957). Here Frank Smith admitted that he was served with the process. The defective return of a valid service of process may be amended to speak the truth. *Southern Bell Tel. &c. Co. v. Jackson,* 102 Ga. App. 699 (1) (117 SE2d 550). In fact, our courts have gone so far as to say that *"Any amendment* of the return which makes it speak the truth can be made; and when so amended, it relates back to the date of service, and is to be considered the initial return." (Emphasis added). *Southern Exp. Co. v. National Bank of Tifton,* 4 Ga. App. 399, supra, at (3). See *Jones v. Bibb Brick Co.,* 120 Ga. 321 (48 SE 25).

And amendments changing descriptions have been allowed. In *Mayer & Lowenstein v. Chattahoochee Nat. Bank,* 46 Ga. 606, the return of personal service on one Epping of a summons of garnishment was held amendable to show that Epping was served in his capacity as president of the garnishee bank. *Bell v. Ayers,* 82 Ga. App. 92 (60 SE2d 523) presented a situation where the original return showed service on "Coca-Cola Bottling Company, a foreign corporation." The sheriff was allowed to amend his return, after an amendment to the petition, to show service on "the Coca-Cola Bottling Company, the defendant by serving [Bell] one of the partners, personally."

Claimant urges that *Gibbs v. Rhodes Furniture Co.,* 58 Ga. App. 352 (198 SE 315) is controlling. There the court stated that the rule preventing the amendment of a return of process to show service on *some other person* prevented an amendment of the return to show service on an individual of a summons of garnishment directed to a corporation and served on its agent. The case is distinguishable in that the garnishee was specifically

stated to be a corporation. Here the summons was directed to "Smith Hardware Co." which only purports a corporation. *Hunnicutt v. Reed,* 149 Ga. 803 (102 SE 421). Evidence was admissible to show that it was a trade name. *Dillard v. Jackson's Atlanta Ready Mix Concrete Co.,* 105 Ga. App. 607 (125 SE2d 656). Further, if the case were in no respect distinguishable, we would be bound by the older Supreme Court decision in *Mayer & Lowenstein v. Chattahoochee Nat. Bank,* 46 Ga. 606, supra. And see *McCall v. Kliros,* 76 Ga. App. 89 (45 SE2d 72) which allowed the amendment in circumstances similar to those with which we here deal. Cf. *East v. Louis Briggs Const. Co.,* 95 Ga. App. 472 (98 SE2d 61).

Since the amendment of the return was properly allowed, the question of whether Frank Smith (claimant) did business as "Smith Hardware Co." (garnishee) was for the trier of fact and here plaintiff carried the burden of proof. *Smith v. Hartrampf,* 105 Ga. App. 40, 43, supra, and citations; *Dillard v. Jackson's Atlanta Ready Mix Concrete Co.,* 105 Ga. App. 607, supra. The admission of photographs, asserted by claimant to be error, was proper since they were relevant to this issue. There was sufficient evidence to support the verdict on the general grounds.

*Judgment affirmed. Carlisle, P. J., and Russell, J., concur.*