41266.  CARTER v. GREENVILLE SERVICE COMPANY.

HALL, Judge.  The plaintiff sued the defendant on an account and the defendant filed an answer and counterclaim. The

plaintiff filed a general demurrer and motion to dismiss the defendant's counterclaim. After a hearing the trial court dismissed the petition at the plaintiff's request and dismissed the counterclaim, in effect sustaining the plaintiff's general demurrer. The defendant assigns error on the judgment dismissing his counterclaim. *Held:*

■ The counterclaim alleged that the defendant was a dealer of the plaintiff's products pursuant to a "Magnavox Franchise Agreement" which provided that it should be effective until terminated by either party on notice to the other. Without giving the defendant (hereinafter called dealer) notice to terminate the agreement the plaintiff (hereinafter called Magnavox) failed to deliver merchandise ordered by the dealer pursuant to the agreement which the dealer had sold to customers, and as a result the dealer was unable to fill his customers' orders and lost profits of $1,800 that he would have earned on the sales.

Magnavox contends that the dealer's cross action must fall because it seeks to recover only loss of profits which were not shown to be within the contemplation of the parties to the alleged agreement. The agreement itself contemplated that goods bought by the dealer would be resold. This "is a sufficient reason for foreseeing that the buyer will make a profit at least equal to the difference between the contract price and the prevailing market prices at the time and place of delivery." 5 Corbin on Contracts 100, § 1015; Williston on Contracts 3783, § 1347. Cf. *Bush v. Addison*, 40 Ga. App. 799 (151 SE 526). A party who has been injured by a breach of contract can recover profits that would have resulted from performance, when their amount and the fact that they have been prevented by the breach of the defendant can be proved with reasonable certainty. Taylor Mfg. Co. v. Hatcher Mfg. Co., 39 F 440 (S.D. Ga. 1889); *Atlanta Gas Light Co. v. Newman*, 88 Ga. App. 252, 254 (76 SE2d 536); 5 Corbin on Contracts 135, § 1022.

The trial court erred in dismissing the cross action.

■ The argument that the counterclaim should have been dismissed because "the designation of the party plaintiff as 'The Greenville Service Company, a Division of the Magnavox Company of Tennessee, a Tennessee Corporation,' does not constitute a legal entity before the court," is without merit.

*Hunnicutt v. Reed,* 149 Ga. 803 (102 SE 421); *Smith v. Hartrampf,* 105 Ga. App. 40, 42 (123 SE2d 417).

 *Judgment reversed. Bell, P. J., and Frankum, J., concur.*

 ARGUED APRIL 7, 1965—DECIDED MAY 10, 1965.

*Roland Neeson, Elijah A. Brown,* for plaintiff in error.

*Lipshutz, Macey, Zusmann & Sikes, Richard A. Katz, Robert A. Elsner,* contra.