## 68018. WIGLEY v. AMERICAN DRUGGISTS INSURANCE COMPANY.

QUILLIAN, Presiding Judge.

The defendant appeals the grant of plaintiff's motion for summary judgment based on plaintiff's action to recover $2,500 under the terms of an indemnity agreement. *Held*:

1. It is contended that the case is improperly captioned as "Curtis M. Wigley, d/b/a Joe's Warehouse Bottle Shop," since there is no evidence that Curtis Wigley did business as Joe's Warehouse Bottle

Shop.

This is at most a mere misdescription which does not affect the validity of the judgment. "Whether the individual defendant is transacting business under one trade name or another is immaterial, where he is individually served with process directed against him." *American Fidelity &c. Co. v. Farmer*, 77 Ga. App. 166, 177 (48 SE2d 122). See *Atlanta Brewing &c. Co. v. Bluthenthal*, 101 Ga. 541 (1) (28 SE 1003). Where there is an insubstantial but amendable defect which could not injure the defendant, the matter was cured by verdict and judgment. *Robinson v. Reward Ceramic &c. Mfg.*, 120 Ga. App. 380, 382 (2) (170 SE2d 724).

2. Defendant contends that given the circumstances of the original agreement's execution, the defendant should not be bound for subsequent years. In this regard, it is urged that according to his deposition testimony the defendant signed the original agreement but did not believe he signed a renewal and thought the indemnity agreement was only for the year 1979. The bond for which indemnity is sought covered the period June 1, 1980 to December 31, 1980.

The indemnity agreement itself which is dated November 29, 1979, is not confined solely to the year 1979. Thus, there is no merit to this contention.

3. It is also argued that the defendant should have been notified of the default prior to demand being made for the amount of the bond.

This argument is not meritorious. For, the indemnity agreement provides: "The Indemnitors do hereby waive notice of any breach or breaches of any such instrument or instruments, or notice of any act or acts that may give rise to claim hereunder."

4. There being no other meritorious ground for denial, the trial judge properly granted summary judgment to the plaintiff.

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED JUNE 15, 1984.

*Howell C. Ravan*, for appellant.
*T. Gordon Lamb*, for appellee.